# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy | : | Civil Action No.: |
| 210 Amelia Street | : | |
| Mont Clare, PA 19453 | : | 07-4417 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Washington Mutual Home Loans, Inc. | :Jury of Twelve (12) Jurors Demanded |
| 1301 Second Ave. | : | |
| Seattle, WA 98101 | : | |
| | : | |
| And | : | |
| | : | |
| Wells Fargo | : | |
| 3476 Stateview Blvd. | : | |
| Fort Mills, SC 29715 | : | |
| Defendants | : | |



FILED

JAN ⬚ 2008

MICHAEL E. KUNZ, Clerk
By⬚⬚⬚⬚ D.Clerk

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.  Preliminary Statement

1.      This is an action for an award of attorney's fees and costs, compensatory, statutory, treble and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' "Predatory Lending," unfair or deceptive acts and practices ("UDAP"), conspiracy and/or aiding and abetting same.

2.      Individually, jointly and/or severally, Defendants are liable to Plaintiffs for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

3.      At all times material, Plaintiffs here reserve the right to rely on the "Discovery Rule" and/or the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

II.     **Jurisdiction and Venue**

4.      Jurisdiction in this Honorable Court is based on federal question and diversity conferred by 28 U.S.C. §1331 and 1332; Supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5.      Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the subject of this action is situated within this district.

III.    **Parties**

6.      Plaintiffs, Edward and Sandra Murphy (collectively "Murphy"), are adult individuals and husband and wife residing and a citizen at the above captioned address.

7.      Defendant, Washington Mutual Home Loans, Inc. ("WAMU"), is a corporation duly organized and existing under and by virtue of the law of the State of Washington, at the above captioned address, with registered agents authorized to receive service of process at that address.

8.      Defendant, Wells Fargo ("WF"), is a corporation duly organized and existing under and by virtue of the laws of the state of South Carolina, maintaining its principle place of business at the above captioned address.

**IV.    Statement of Claims**

9.      On or about August 22, 2002 (collectively "loan[1]"), Plaintiffs entered into a Mortgage and note upon Plaintiffs' premises of 210 Amelia Street, Monte Clare, PA 19453 ("premises"). (All pertinent document in the possession of Defendant).

10.     Prior to June 27, 2006, Defendant, WAMU, became an assignee of the mortgage from Mortgage Electronic Registration System, Inc., as a nominee for Gateway Funding Diversified Mortgage Services, L.P.

11.     On or about May 24, 2006, Defendant sent Plaintiffs an Act "6/91" Notice indicating foreclosure.

12.     On or about May 31, 2006, Plaintiffs sent Defendant a certified check to reinstate their mortgage.

13.     Defendant failed to cash the check and reinstate Plaintiff's mortgage.

14.     On or about June 27, 2006, Defendant, WAMU, filed a complaint in mortgage foreclosure in the Court of Common Pleas of Montgomery County, Washington Mutual Bank v. Murphy, et al, NO.: 2006-15824. ("Underlying Action").

15.     On July 12, 2006, Plaintiffs issued a certified check in the amount of $4,101.68 to reinstate their mortgage.

16.     On or about July 25, 2006, Defendant, WAMU, filed a Praecipe to Settle, Discontinue and End.

17.     Defendant failed to send Plaintiffs a statement in July.

18.     Defendant sent a mortgage statement on August 4, 2006 with a balance due of $687.68 and a due date of November 1, 2006.

---

[1] Upon information and belief, all documents referenced in this averment and throughout Plaintiffs' Complaint are in the possession of all defendants and herein demanded be supplied to Plaintiffs within Defendants' Initial Disclosures pursuant to F.R.C.P. 26(a).

19.    On August 17, 2006, Defendant sent a new statement with an amount due of $1,412.80, including a missed payment and a late fee, indicating a due date of Sept. 1, 2006.

20.    Defendant filed the underlying action to harass Plaintiffs, through the threat of pending litigation, of the loss of their residence by impermissible means.

A. Loan Assignment and/or Servicing

21.    Thereafter the Closing, upon information and belief, the Loan was sold to WAMU and/or Wells Fargo who are liable therefore and thereunder by written agreement and/or as a matter of law.

22.    At all times material, the Loan was serviced by Servicer who is liable therefore and thereunder by written agreement and/or as a matter of law.

23.    Individually, and/or jointly and/or severally, WAMU and/or Wells Fargo, were responsible for maintaining and/or physically holding the Loan, which obligation was not performed, negligently, carelessly, and/or reckless performed, misrepresented, and/or otherwise in violation of their fiduciary, contractual, and legal duties, including but not limited to, failure to properly and timely record assignments; attribute loan payments towards principle and interest (and taxes and insurance, if applicable); calculate monthly and/or pay-off payment pursuant to the terms of the Loan; assess *bona fide* and/or *reasonable* charges (such as, forced placed insurance, escrow delinquencies, private mortgage insurance, and otherwise); and/or submit notices thereof to Plaintiffs.

24.    The foregoing additionally inured to Plaintiffs' ultimate detriment.

B. Foreclosure

25.     On or about, December 28, 2006, WAMU improperly instituted an Action in Mortgage Foreclosure ("Foreclosure"), as Plaintiff therein, arising from Plaintiff's alleged default arising out of the subject loan documents (Mont.C.C.P. 2006-15824).

26.     As discussed above and/or upon information and belief, WAMU lacked standing and/or jurisdiction, and/or the Foreclosure contained improper delinquency calculations that were either, as was known or should have been known to Foreclosing Entity, prohibited and/or were required to be reduced, as a matter of law, pursuant to the Loan itself, the above discussed inter-related agreements and/or contracts, and/or arising from the misconduct above-discussed, additionally including but not limited to, respectively, want of proper and compliant Acts 6/91 and 120 notices, record assignment, and/or charges that were neither *bona fide* nor *reasonable* (such as court costs, attorneys and/or "collection" fees,  cost for title search, cost for appraisal, late fees, and/or otherwise).

27.     The Foreclosure was and/or should have been submitted to the Court upon a Verification and Pa.R.C.P. 1023.1 (regarding truthfulness of pleadings).

        C.  Injuries

28.     As a result of the foregoing, Plaintiffs have suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) damage to credit rating and/or credit defamation; (3) financial loss(es), including lost opportunity(ies) and/or equity; (4) loss and/or possible loss of the premises; (5) attorneys fees and court costs; and/or (6) such other and further injuries as will be determined in discovery and/or at trial, including aggravation of a pre-existing condition(s).

        V. **Causes of Action**

29.    Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

30.    Plaintiffs are natural people provided with the right to defer payment of debts or to incur payment of debt and defer payment, and the credit offered or extended was primarily for personal, family and/or household purposes.

31.    As a matter of law, Plaintiffs and Defendants are "persons."

32.    WAMU and/or Wells Fargo (collectively hereinafter "Lending Entities") regularly extend consumer credit, six (6) or more loans per year, two (2) or more high cost mortgages per year, and/or one (1) or more of such high cost mortgages through a broker.

33.    This loan was a federally related mortgage loan, made by a federally-insured depository lender, is HUD-related, and/or was intended to be sold on the secondary market or to creditors who make or invest more than one million dollars a year in residentially secured loans.

34.    At all times material, Defendants misrepresented and/or omitted material facts to Plaintiffs, including the aforesaid (incorporated herein by reference) and as more further described as following but not limited to:  (a) that the loan was beneficial to Plaintiff, when it was not; (b) that their fees and costs were usual and customary, when they were not; (c) that their fees and costs were a part of the finance charge and/or amount financed, when they were not; (d) that their loans were conventional and fixed, when they were not; (d) that the loan continued characteristics which it did not; and/or (d) that certain amounts were due and owing, when they were not.

A. Statutory

## COUNT I
### Real Estate Settlement Procedures Act ("RESPA")

35.     Plaintiffs' loan was a federally related consumer mortgage loan as defined by RESPA, 12 U.S.C. §2602, et seq., which Defendants are in violation thereof at all times material, including but not limited to failure to properly respond to Plaintiffs' "Qualified Written Request", which, if not previously and/or properly delivered, is made herein.

36.     Additionally, the pre-paid finance charges paid by Plaintiffs is believed neither properly disclosed nor *bona fide* and/or *reasonable*, thus "fee splitting," a violations(s) herein.

## COUNT II
### Fair Credit Reporting Act ("FCRA")

37.     At all times material, Defendants were in violation of FCRA, 15 U.S.C. §1681, et seq., including but not limited to Defendants' unlawfully accessing Plaintiffs' credit information and/or furnishing inaccurate information to credit reporting agencies.

## COUNT III
### Fair Debt Collection Practices Act ("FDCPA")

38.     At all times material, Defendants were in violation FDCPA, 15 U.S.C. §1692, et seq., including but not limited to Defendants' using false and/or deceptive collection methods and/or mischaracterizing the alleged debt.

## COUNT IV
### Credit Services Act ("CSA")

39.     At all times material, Defendants were in violation of the CSA, 73 P.S. §2182, et seq.

## COUNT V
### Violations Of Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA")

40.    Defendants sent communications or communicated with Plaintiffs in an attempt to collect a debt as defined by 73 Pa.C.S. §2270.3, in violation of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. C.S. §2270.1 et seq., and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1, et seq.

41    Defendants are "debt collectors" or "creditors" pursuant to 73 Pa.C.S. §2270.3.

42.    Violations of the FCEUA are a per se violations of the UTPCPL.

43.    The aforesaid actions of Defendants constitute unfair methods of competition and/or unfair and deceptive acts and practices with in the meaning of the FCEUA and UTPCPL, and by and through the following actions, *inter alia*:

    a.    Using unfair and unconscionable collection methods;

    b.    Giving a false impression of the character, amount or legal status of the alleged debt;

    c.    Using false and deceptive collection methods;

    d.    Making threats and/or taking illegal action; or

    e.    Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect and/or attempt to collect a debt.

## COUNT VI
### Unfair Trade Practices And Consumer Protection Law ("UTPCPL")

44.    The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

45.    The actions of Defendants constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

a.      Defendants misrepresented to Plaintiffs the
        character, extent, or amount of the debt or its status
        in a legal proceeding, 73 P.S. §201-3.1; 37 Pa. Code
        §303.3(3);

b.      Defendants engaged in fraudulent or deceptive
        conduct which created a likelihood of confusion or
        of misunderstanding, 73 P.S. §201-2(xxi);

c.      Defendants imposed credit costs expressly
        prohibited by Federal and Pennsylvania law, and
        failed to comply with TILA, HOEPA, RESPA,
        ECOA, FDCPA, CSA, Usury, RICO, and the
        FCEUA, which are per se violations of the
        UTPCPL;

d.      Defendants misrepresented to Plaintiffs that the loan
        would be beneficial when in fact it was not; and
        Defendants knew it was not, 79 P.S. §202-1(v); and

e.      Defendants misrepresented the characteristics or
        benefits of the loan.

## COUNT VII
### Loan Interest And Protection Law ("Usury Statute")

46.     At all times material, Defendants were in violation of 41 P.S. §101, et

seq., by charging an unlawful rate of interest via the Loan, the Loan's servicing, and/or in

Foreclosure and/or Bankruptcy, as applicable.

## COUNT VIII
### Wrongful Use ("Dragonetti")

47.     At all times relevant hereto, Defendants commenced, continued and/or

prosecuted the Foreclosure primarily for a purpose other than that of securing proper

discovery or adjudication of the claim in which the proceedings were based.

48.     At all times relevant hereto, Defendants acted in a grossly negligent

manner in commencing, continuing and/or prosecuting the Foreclosure.

49.     At all times relevant hereto, Defendants acted maliciously and for the primary purpose of harassing Plaintiff by the commencement, continuation and prosecution of the Foreclosure.

50.     At all times relevant hereto, Defendants intentionally and implicitly misrepresented the material facts of the Foreclosure.

51.     Defendants are liable to Plaintiffs for their losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 et seq., titled Wrongful Use of Civil Proceedings.

**COUNT IX**
**Violation of the Uniform Commericial Code ("UCC") and Federal Trade Commission ("FTC")**

52.     The aforesaid constitutes violations of the UCC and FTC.

**COUNT X**
**Violation Of Civil Rights**

53.     To perpetuate their misconduct, Defendants made use of the Court of Common Pleas, Prothonotary, and/or Sheriff.

54.      The Prothonotary, Sheriff and Court are state actors per 42 U.S.C. §1983, et seq.

55.     Defendant's willful, reckless and malicious actions were made in an effort to deprive Plaintiffs of their rights as set forth above and pursuant to U.S.Const.Amend. I, IV and XIV.

B.  Common Law (Plaintiff v. Defendants, unless otherwise indicated)

**COUNT XI**
**Fraud & Fraudulent Misrepresentation**

56.     The aforesaid misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from a security interest in Plaintiffs' home, monetary

consideration from the Plaintiffs, and/or otherwise from the proceeds of the loan and/or foreclosure.

57.     As the intended result of the aforesaid fraud, Plaintiffs reasonably relied upon said misrepresentations and/or omissions to their detriment.

## COUNT XII
### Breach Of Contract & Warranty

58.     At all times material, Plaintiffs and Defendants were parties to an express contract(s) and/or contract(s) and/or warranties implied at law, which includes but is not limited to Defendants' as third-party beneficiaries, which Defendants are in breach thereof.

## COUNT XII
### Negligence, Negligent Misrepresentation & Improvident (Negligent) Lending

59.     At all times material, Defendants acted negligently, carelessly, and/or recklessly.

## COUNT XIV
### Breach of Covenant of Good Faith and Fair Dealing

60.     At all times material, Defendants were in violation of the covenant of good faith and fair dealing.

## COUNT XV
### Breach of Fiduciary Duty

61.     At all times material, Defendants breached their fiduciary duties to Plaintiffs.

## COUNT XVII
### Abuse & Misuse of Process

62.     Via the Foreclosure and/or within the Bankruptcy (above discussed), Defendants committed an Abuse and/or Misuse of Process.

VI.   **Prayer for Relief**

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in their

favor and against Defendants, individually, jointly and/or severally, in an amount in

excess of seventy-five thousand dollars ($75,000), plus such other and further relief as

this Honorable Court deems necessary and just, and to Order the following relief:

      a.  Rescission of the loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;
      b.  Termination of any security interest in Plaintiffs' property which may have been created under the loan;
      c.  Return of any money or property given by Plaintiffs to anyone, including Defendants, in connection with the transaction;
      d.  Statutory damages;
      e.  Forfeiture and return of loan proceeds;
      f.  Damages, including:
            i.  Actual damages;
           ii.  Treble damages;
         iii.  Attorneys fees and expenses, and costs of suit; and
         iv.  Punitive Damages.

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
REBECCA M. STEIGER, ESQUIRE