IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy, | : | |
| | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | No. 07-04417 |
| v. | : | |
| | : | |
| Washington Mutual Bank, | : | |
| | : | |
| Defendant | : | |

## <u>ORDER</u>

AND NOW, upon consideration of Defendant Washington Mutual Bank's Motion to Dismiss Plaintiffs' First Amended Complaint, and any responses thereto, it is hereby Ordered that Defendant's Motion is Granted.  Counts III (FDCPA), IV (Credit Services Act), VII (Usury), IX (UCC/FTC), X (Section 1983), XII (Breach of Contract/Warranty), XII (sic) (Improvident Lending), XIV (Breach of Covenant of Good Faith and Fair Dealing) and XV (Breach of Fiduciary Duty) of the First Amended Complaint are Dismissed, with prejudice.

BY THE COURT:

_____
                                                                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy, | : | |
| | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | No. 07-04417 |
| v. | : | |
| | : | |
| Washington Mutual Bank, | : | |
| | : | |
| Defendant | : | |

**DEFENDANT WASHINGTON MUTUAL BANK'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Washington Mutual Bank, successor in interest by operation of law to Washington Mutual Home Loans, Inc., by and through its undersigned counsel, respectfully moves to dismiss Counts III, IV, VII, IX, X, XII, XIV and XV of the First Amended Complaint.  As set forth in Defendant's attached Memorandum of Law, which is incorporated herein, Plaintiffs' Fair Debt Collection Practices Act claim contained in Count III of the First Amended Complaint is time barred and therefore should be dismissed.  Counts IV (Credit Services Act), VII (Usury), IX (UCC/FTC), X (Section 1983), XII (Breach of Contract/Warranty), XII (sic) (Improvident Lending), XIV (Breach of Covenant of Good Faith and Fair Dealing) and XV (Breach of Fiduciary Duty) fail to state a claim for which relief can be granted and must also be dismissed.

WHEREFORE, Defendant Washington Mutual Bank respectfully requests that the Honorable Court dismiss Counts III, IV, VII, IX, X, XII, XIV and XV of the First Amended Complaint, with prejudice.

Respectfully,

Kaplin Stewart Meloff Reiter & Stein, P.C.


/s/  Sandhya M. Feltes  #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant, Washington Mutual Bank

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy, | : | |
| | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | No. 07-04417 |
| v. | : | |
| | : | |
| Washington Mutual Bank, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
WASHINGTON MUTUAL BANK'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Washington Mutual Bank, successor in interest by operation of law to Washington Mutual Home Loans, Inc. ("Washington Mutual"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss Counts III, IV, VII, IX, X, XII, XIV and XV of the First Amended Complaint. As set forth herein, Count III (FDCPA) is time barred by the statute of limitations. Further, Counts IV (Credit Services Act), VII (Usury), IX (UCC/FTC), X (Section 1983), XII (Breach of Contract/Warranty), XII (sic) (Improvident Lending), XIV (Breach of Covenant of Good Faith and Fair Dealing) and XV (Breach of Fiduciary Duty) fail to state viable causes of action and should therefore be dismissed.

## I.     STATEMENT OF FACTS

This is a cause of action arising out of a mortgage loan which Plaintiffs obtained from Mortgage Electronic Registration System, Inc. on or about August 22, 2002. (Compl., ¶¶5-6). Washington Mutual was not involved in the loan origination or Plaintiffs' mortgage loan until 2006 when Plaintiffs' mortgage loan was sold and/or assigned to Washington Mutual. (Compl., ¶6).

1

On or about June 27, 2006, Washington Mutual instituted a mortgage foreclosure action against Plaintiffs as a result of Plaintiffs' failure to make their mortgage payments.[1]   On July 25, 2006, Washington Mutual discontinued the mortgage foreclosure action upon receipt of Plaintiffs' of $4,101.68, which brought Plaintiffs' loan current. (Compl., ¶¶11-12).

On October 22, 2007, Plaintiffs instituted the instant action.  Plaintiffs assert a variety of claims against Washington Mutual apparently arising out of the loan origination and the mortgage foreclosure action.  In response to Washington Mutual's Motion to Dismiss the original Complaint, Plaintiffs filed an Amended Complaint on January 10, 2008.   However, Plaintiffs' Amended Complaint also contains claims which are time barred and which fail to state viable claims against Washington Mutual.  For the reasons set forth herein, each of Plaintiffs' claims at Counts III (FDCPA), IV (Credit Services Act), VII (Usury), IX (UCC/FTC), X (Section 1983), XII (Breach of Contract/Warranty), XII (sic) (Improvident Lending), XIV (Breach of Covenant of Good Faith and Fair Dealing) and XV (Breach of Fiduciary Duty) of the First Amended Complaint should be dismissed.

## II.   STANDARD OF REVIEW

Counts III, IV, VII, IX, X, XII, XIV and XV of Plaintiffs' First Amended Complaint should be dismissed under Fed.R.C.P. 12(b)(6) on the grounds that the claims are time barred and/or fail to state a cognizable claim or cause of action against Washington Mutual.

---

[1] Washington Mutual Bank v. Edward and Sandra Murphy, C.C.P. Montgomery County, No. 2006-15824.

2

Fed.R.C.P. 12(b)(6) allows a party to seek dismissal of a pleading which fails to state a claim upon which relief can be granted. A motion to dismiss under Fed.R.C.P. 12(b)(6) admits the well pleaded allegations in the Complaint, but denies their legal sufficiency. Fed.R.C.P. 12(b)(6) Pagnotti Enterprises, Inc. v. Beltrami, et al, 787 F.Supp. 440, 443 (E.D.Pa.1992).   However, the Court need not assume that the plaintiff can prove facts that were not alleged in the complaint. *See* City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir.1998).   Nor should the Court give credit for a complaint's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).

Further, unsupported conclusions without a factual basis and sweeping conclusions of law cannot be utilized by a plaintiff to dismiss a motion to dismiss. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991), *cert denied*, 112 S.Ct. 1475 (1992); Randolph County Federal Savings & Loan Assn v. Sutliffe, 775 F.Supp. 1113, 1115-16 (S.D.Ohio 1991).   In order to avoid dismissal, a plaintiff must plead "enough facts to state a claim for relief that is **plausible on its face**." Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965  (2007).

The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985); In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), *cert. dismissed*, 462 U.S. 1125 (1983).

3

### III.    PLAINTIFFS' FDCPA CLAIM IS TIME BARRED

Plaintiffs' failure to bring their claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al ("FDCPA"), within one year of the mortgage foreclosure action bars the claim.

The FDCPA provides for a one year statute of limitations on all claims asserted under the Act:

> (d) Jurisdiction
>
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**.

15 U.S.C. 1692k(d).

According to the First Amended Complaint, Plaintiffs' FDCPA claim arises from the alleged wrongfully filed mortgage foreclosure action.  Plaintiffs admit that the mortgage foreclosure action was discontinued on or about July 25, 2006.  (Compl, ¶16).  Therefore, Plaintiffs FDCPA claims should have been could have been brought, at the latest, within one year from the date that the mortgage foreclosure action was discontinued.  Plaintiffs did not bring this suit until October 22, 2007, more than one year after the mortgage foreclosure action was discontinued.  Plaintiffs' claim is time barred under 15 U.S.C. 1692k(d) and therefore Count III of the Amended Complaint should be dismissed.

### IV.    PLAINTIFFS DO NOT STATE VIABLE CLAIMS AGAINST WASHINGTON MUTUAL

Counts IV (Credit Services Act), VII (Usury), IX (UCC/FTC), X (Section 1983), XII (Breach of Contract/Warranty), XII (sic) (Improvident Lending), XIV (Breach of

Covenant of Good Faith and Fair Dealing) and XV (Breach of Fiduciary Duty) of Plaintiffs' First Amended Complaint should also be dismissed inasmuch as they do not state viable or cognizable causes of action against Washington Mutual.

     A.     <u>The Credit Services Act Does Not Apply To Washington Mutual.</u>

Plaintiffs' Count II, which attempts to allege violations of the Pennsylvania Credit Services Act, 73 P.S. § 2182, is frivolous and wholly without merit.

The Credit Services Act regulates activities of "credit service organizations", which are defined by the CSA as:

> (1) A person who, with respect to the extension of credit by others, sells, provides or performs or represents that he or she can or will sell, provide or perform any of the following services in return for the payment of money or other valuable consideration:
>
> (i) Improving a buyer's credit record, history or rating.
>
> (ii) Obtaining an extension of credit for a buyer.
>
> (iii) Providing advice or assistance to a buyer with regard to either subparagraph (I) or (ii).

73 P.S. § 2182.

Lenders and banks, such as Washington Mutual, are expressly **excluded** from the definition of a "credit services organization". 73 P.S. § 2182 ; <u>Stuart v. Decision One Mortgage Co., LLC, et al.</u>, 2007 WL 1032261 (Bankr.E.D.Pa. April 6, 2007).

Washington Mutual owned Plaintiffs' loan for a brief period of time in 2006. The Amended Complaint does not, and cannot, allege that Washington Mutual provided any of the services covered by the Credit Services Act.  Therefore, Washington Mutual cannot be liable under the CSA and Count II should be dismissed.

SMF/10585/2/1166697_1

   B.   The Pennsylvania Usury Statute Does Not Apply To Loans In Excess of
        $50,000.

Count VII, which alleges a violation of the Pennsylvania Usury Statute, does not

apply because Plaintiffs' loan is in excess of $50,000.  The Usury State only applies to

loans which are in an amount **less than** $50,000:

> Except as provided in Article III of this act, the maximum
> lawful rate of interest for the loan or use of money **in an
> amount of fifty thousand dollars ($50,000) or less** in all
> cases where no express contract shall have been made for a
> less rate shall be six per cent per annum.

41 P.S. 201 (emphasis added).

Since Plaintiffs' loan exceeds $50,000, the Usury Statute does not regulate

Plaintiffs' loan and therefore Count VII should be dismissed.

   C.   Plaintiffs' UCC and FTC Claims Fail To State A Claim Or Cause Of
        Action.

In continuation of Plaintiffs' frivolous and baseless claims, Count IX of the First

Amended Complaint fails to state any kind of cognizable or viable claim and fails to set

forth any elements of a claim.  Rather, Count IX consists of one paragraph which states:

"The aforesaid constitutes violations of the UCC and FTC".

Count IX is wholly insufficient under Twombly or even the most lenient standard

of notice pleading.  Plaintiffs do not identify the alleged cause of action, the elements of

the alleged cause of action or the facts supporting the alleged cause of action.  Count IX

must therefore be dismissed.

6

D.      Section 1983 Is Not Implicated In A Mortgage Foreclosure Action.

Count X of the Complaint must be dismissed since there was no "state action" implicated in the mortgage foreclosure lawsuit.

To establish a claim under 42 U.S.C. § 1983, Plaintiffs must "demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.1995); *see* Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "Under color of state law" has the same meaning as "state action". See United States v. Price, 383 U.S. 787, 794 n.7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

"State action may be found only when there is such a 'close nexus between the State and challenged action that private behavior may be fairly treated as that of the State itself'." Nanya-Nashut v. Centex Home Equity Corporation, 2003 WL 22871667 (E.D.Pa.2003) *quoting* Brentwood Acad. v. Tennessee Secondary Sch., 531 U.S. 288, 295 121 S.Ct. 924, 148 L.Ed.2d 807(2001).

A mortgage foreclosure action does not rise to the level of state action. Nanya-Nashut v. Centex Home Equity Corporation 2003 WL 22871667, *2 ("Even when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action); *see also*, Nanya-Nashut v. Bank One National Association, 2003 WL 22078022, *3 (holding that a bank did not engage in state action for purposes of Section 1983 by filing a mortgage foreclosure action); Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F.Supp. 1122, 1129-31 (D.Del.1988) *aff'd* 877 F.2d 57 (3d Cir.1989) (holding Bank and

7

attorney who filed foreclosure action against real property did not engage in state action for purposes of Section 1983).

Washington Mutual is a private entity which simply instituted a mortgage foreclosure action as a result of Plaintiffs' default of the Mortgage and Note.  By filing the foreclosure action, Washington Mutual did not engage in state action necessary to support a Section 1983 claim.  Count X of the Complaint should therefore be dismissed.

> E.     Plaintiffs' Claims For Fraud and Fraudulent Misrepresentation Lack Specificity.

Count XI of the Amended Complaint must be dismissed because Plaintiffs fail to plead fraud with the requisite specificity.

A cause of action for common law fraud consists of the following elements: (1) a false representation of an existing fact or a non-privileged failure to disclose; (2). materiality, unless misrepresentation is intentional or involves a non-privilege failure to disclose; (3) scienter, which may either be actual knowledge or reckless indifference to the truth; (4) justifiable reliance on the misrepresentation, so that the exercise of common prudence of diligence could not have ascertained the truth; and (5) damage as a proximate result.  Johnson v. Johnson,  292 B.R. 821, 825.

Federal of Civil Procedure 9(b) requires that, "the circumstances constituted fraud or mistake shall be stated with particularity."  Fraud must normally be pled with specifics concerning time, place, speaker, and the content of the alleged misrepresentation. Johnson v. Robinson, 292 B.R. 821, 827 (E.D.Pa.Bankr.2003).  "The purpose of such specificity is to give the defendants a reasonable opportunity to answer the complaint and to place defendants on notice of the precise misconduct with which they are charged, and to safeguard Defendants against spurious charges of immoral and fraudulent behavior."

8

Id. *quoting* <u>Ross v. A.H. Robbins Company</u>, 607 F.2d. 545, 557-58 (2d.Cir.1979), *cert. denied* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d. 802 (1980); <u>Seville Indus. Machinery v. Southmost Machinery Corp</u>, 742 F.2d 786, 791 (3d.Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

Plaintiffs have not pled anything which would even colorably support a claim for fraud.  Plaintiffs has not alleged with specificity, or otherwise, any of the four elements necessary to plead a claim for fraud.  Plaintiffs fail to comply with F.R.C.P. 9(b) and therefore the fraud and fraudulent misrepresentation claims contained in Count XI must be dismissed.

> F.    <u>Plaintiffs' Claims For Breach of Contract, Breach of Good Faith and Fair Dealing and Breach of Warranty Lack Any Legal Or Factual Basis</u>.

Counts XII and XIV of the First Amended Complaint are also devoid of any factual or legal underpinnings and is simply a word for word copy of numerous complaints in other, unrelated, cases filed by Plaintiffs' counsel.

Plaintiffs' claim at Count XII consists of one paragraph which states, *inter alia*, that Plaintiffs and Defendants "were parties to an express contract(s) and/or warranties implied at law, which includes but is not limited to Defendants' as third-party beneficiaries, which Defendants are in breach thereof". (Comp., ¶58).  Besides containing nonsensical language, Count XII also fails to assert a claim for breach of contract as required by Pennsylvania law.

To state a claim for breach of contract under Pennsylvania law,  a plaintiff must allege (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 225 (3d Cir.2003) *quoting* <u>CoreStates Bank, N.A. v. Cutillo</u>, 723 A.2d 1053, 1058

(Pa.Super.Ct.1999)).  Plaintiffs' First Amended Complaint does not identify the contract or contract terms which Plaintiffs alleged were breached.  Plaintiffs' First Amended Complaint does not identify the duty which Plaintiffs contend were imposed by any contract.  The First Amended Complaint also does not claim that Plaintiffs suffered any damages as a result of any alleged breach of contract.

For the same reasons, Count XIV of the First Amended Complaint, which alleges a breach of the covenant of good faith and fair dealing should be dismissed.  The duty of good faith and fair dealing only arises out of the performance and enforcement of a contract between the parties.  John B. Conomos, Inc. v. Sun Co., 831 A.2d 696, 705-706 (Pa.Super.2003); Restatement (Second) of Contracts § 205.  Plaintiffs have not alleged with the requisite specificity the existence of a contract with Washington Mutual.  As such, Plaintiffs have not alleged, nor can they allege with sufficient specificity, that Washington Mutual owed a duty of good faith and fair dealing arising out of a contract between the parties or that Washington Mutual breached any such duty.

Furthermore, there is nothing in the Count XII or anywhere else in the First Amended Complaint which would give Washington Mutual notice of the warranties which Defendants have alleged to have breached.

Counts XII (Breach of Contract/Warranty) and XIV (Breach of Good Faith and Fair Dealing) of the Amended Complaint should therefore be dismissed.

G.    Improvident Lending Is Not A Recognized Cause Of Action.

In Count XII of the Amended Complaint, Plaintiffs attempts to create a new, unrecognized cause of action for "improvident lending".

Plaintiffs' claim for improvident lending is not a cognizable claim in this jurisdiction.  Not one Court in either the Commonwealth of Pennsylvania or the U.S. District Courts of Pennsylvania has recognized such a cause of action under any circumstances.  In fact, Washington Mutual was unable to locate any District Court or state court decision nationwide which recognized a cause of action for improvident lending. [1]

This Court should not create a new cause of action for improvident lending. Numerous federal and state statutes already exist which address residential mortgage lending practices, some of which have been asserted by Plaintiffs in this action.  Creation of another cause of action to address consumer lending is therefore neither necessary for the protection of the Plaintiffs nor warranted under the circumstances.

     H.     There Is No Fiduciary Relationship Between Plaintiffs And Washington Mutual.

As a matter of law, there is no fiduciary relationship between Plaintiffs and Washington Mutual and therefore Count XV of the First Amended Complaint must be dismissed.

To establish a claim for a breach of fiduciary duty, Plaintiffs must allege that a fiduciary relationship exists in that, "one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side or weakness, dependence or justifiable trust, on the other." Destefano and Associates, Inc. v. Cohen, 2002 WL

---

[1] The **only** case nationwide which has addressed a claim for "improvident lending", OODC, LLC v. U.S. Bank National Association, 321 B.R. 128 (Bankr.D.Del.2005), is neither binding on this Court nor is it factually or legally similar to the instant action.  Further, the Delaware Bankruptcy Court's ruling in OODC LLC has not been followed by any other Court.

11

1472340 *3 (Pa.Com.Pl.) *quoting* Commonwealth Department of Transportation v. E-Z Parks, Inc., 153 Pa.Cmmwlth 258, 268, 620 A.2d. 712, 717 (1993).

Pennsylvania courts have held on many occasions that a lender is not a fiduciary of a borrower absent special circumstances. Grace v. Moll, 285 Pa. 353, 355, 132 A.171 (1926); Federal Land Building of Baltimore v. Fetner, 269 Pa.Super 455, 461, 410 A.2d. 344, 348 (1979), *cert. denied*, 446 U.S. 918100 S.Ct. 1853, 64 L.Ed.2d. 273 (1980).

The law presumes the relationship between lenders and borrowers is conducted at arms-length and the parties are each acting in their own interest. Temp-Way Corp. v, Continental Bank, 139 B.R. 299, 318 (E.D.Pa.1992); DiCicco v. Willow Grove Bank, 2004 WL 2150980 (E.D.Pa.2004). The fact that a lender has been involved in many loans or has expertise, and the borrower has little or no experience, does not create a fiduciary relationship between the parties. In re Alfreda Johnson, 292 B.R. 821, 828 (Bankr.E.D.Pa.2003).

A fiduciary relationship may exist between a lender and a borrower only if the lender gains substantial control over the borrower's business affairs. Blue Line Coal Company, Inc. v. Equibank, 683 F.Supp. 493, 496 (E.D.Pa.1988). "Control over the borrower is demonstrated when there is evidence that the lender was involved in the actual day-to-day management and operations of the borrower or that the lender had the ability to compel the borrower to engage in unusual transactions. Blue Line Coal Company, *supra* at 496.

Plaintiffs have not alleged that Washington Mutual had, or gained, substantial control over Plaintiffs' business affairs. Plaintiffs do not allege any unusual or special

12

circumstances or that Washington Mutual compelled Plaintiffs to engage in an unusual transaction.

Plaintiffs did not have a fiduciary or confidential relationship with Washington Mutual as a matter of law and the First Amended Complaint is devoid of any allegations which would support such a claim. Dismissal of Count XV of the First Amended Complaint is therefore appropriate.

## V.   CONCLUSION

Washington Mutual respectfully requests that its Motion to Dismiss be granted. Plaintiffs' Fair Debt Collection Practices Act is barred by a one-year statute of limitations.   Counts IV (Credit Services Act), VII (Usury), IX (UCC/FTC), X (Section 1983), XII (Breach of Contract/Warranty), XII (sic) (Improvident Lending), XIV (Breach of Covenant of Good Faith and Fair Dealing) and XV (Breach of Fiduciary Duty) of the First Amended Complaint should also be dismissed, with prejudice, for failure to state a claim for which relief can be granted.

Kaplin Stewart Meloff Reiter & Stein, P.C.

/s/  Sandhya M. Feltes  #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Washington Mutual Bank

13

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, I caused true and correct copies of Defendant Washington Mutual Bank's Motion To Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law in Support to be served via first class mail, postage prepaid, upon the following counsel of record:

Matthew B. Weisberg
Prochniak Poet & Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070

Kaplin Stewart Meloff Reiter & Stein, P.C.

/s/  Sandhya M. Feltes  #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant

14