

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Edward and Sandra Murphy | : | Civil Action No.: |
| 210 Amelia Street | : | |
| Mont Clare, PA  19453 | : | 07-4417 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Washington Mutual Home Loans, Inc. | :Jury of Twelve (12) Jurors Demanded |
| 1301 Second Ave. | : | |
| Seattle, WA 98101 | : | |
| | : | |
| And | : | |
| | : | |
| Wells Fargo | : | |
| 3476 Stateview Blvd. | : | |
| Fort Mills, SC  29715 | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OT PLAINTIFFS' RESPONSE TO DEFENDANT, WASHINGTON MUTUAL'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**I.     Operative Facts**

On October 22, 2002, Plaintiffs executed a Mortgage and Note (collectively "loan") regarding their property which loan was assigned to Defendant in 2006.  Immediately thereafter, Defendant commenced foreclosure via serving Act "6/91" Notice ("Notice") on May 24, 2006.

Consistent with Act 6/91, Plaintiff <u>reinstated</u> their delinquency by forwarding <u>full payment</u> to Defendant.

Act 6/91 ("Notice") requires foreclosing lenders to send delinquent borrowers statutorily defined formal notice of lender's thereafter intent to file in court a formal foreclosure.  So serious is Notice that even the failure of form robs the then following foreclosure action of jurisdiction, even if otherwise perfected.  Contemplating the gravity of a foreclosure upon a residence, Act 6/91 violation additionally not only requires the foreclosure restart by resending perfect Notice but also makes otherwise foreclosing lender liable to its debtor for statutory penalties and attorneys fees.  Act 6/91 Compliance engenders the lender with Pennsylvania legislatively mandated strict liability.

Consistent with their rights to reinstate at anytime prior (one (1) hour) before the gavel strikes to end the Sheriff's foreclosure Sale and, in fact, illustrating the purpose of Act 6/91 Notice, immediately (less then one (1) week thereafter receipt of the Notice) Plaintiffs cured their arrearage.

Nonetheless, Defendant recklessly prosecuted its foreclosure towards its ultimate filing, forever marring Plaintiffs title, credit and piece of mind. Only by receipt of a *second* full payment did Defendant discontinue its action, not upon Plaintiffs' begging, evidence or even threats.

Defendant's foreclosure was not a near miss for Plaintiffs; rather, it was a head-on collision.

**II.   Concessions**

Plaintiffs concede withdraw of their claims for Usury, Fair Debt Collections Practices Act ("FDCPA"), and Credit Services Act ("CSA").

**III.   Argument**

    A.   <u>Civil Rights</u>

Defendant claims itself not a state actor and thus, immunized from its otherwise Civil Rights violation. On the contrary, Defendant's use of the Court, state judiciaries' administrator (Prothonotary) as well as the executive's Sheriff (serving its foreclosure via Sheriff's deputy upon Plaintiffs with that action being indexed effectively *lis pendens* by the Sheriff against title) renders Defendant a state actor.

"It is settled that private persons can be considered state actors for purposes of section 1983 so long as the state continually contributes to the constitutional deprivation. *See*, <u>Grillo v. Ba Mortgage, LLC</u>, 2004 WL 2250974 (E.D.Pa. 2004) (not reported) (citing <u>Lugar v. Edmonson Oil Co.</u>, 457 US 922, 937, 102 S. Ct. 2744 (1982)). In applying section 1983 to improper court action by a creditor (specifically, foreclosing lender), both Pennsylvania and this Court have consistently held subject lender as liable for Civil Rights violations. *See* <u>Grillo</u>, supra (citing

Guar. Trust Co. v. Mowl, 705 A.2d, 923, 926 (Pa.Super 1998); Nationsbanc Mortgage Corp. v. Grillo, 827 A.2d 489, 492-493 (Pa.Super 2003); Union Nat'l Bank of Pitts v. Ciongoli, 407 Pa.Super 171, 595 A.2d 179 (1991).  A Civil Rights violation arises from a deprivation of property interest under color of state law without due process Dyikes v. SEPTA 68 F.3d.1564, 1570 (3d. Cir. 1995).

However slight, meaningful interference with an individual's possessory interest in property results in a seizure for civil rights analysis.  California v. Hodri, 499 US. 621, 640, 111 S.Ct. 1547 (1991); Connecticut v. Doehr, 501 U.S. 1, 4, 111 S.Ct. 2105 (1991).

Where a lesser improperly confessed judgment against lessee, the Third Circuit has held a Civil Rights violation Jordon v. Fox, et al, 20 F.3d 1250 (C.A.3 (Pa.) (1994)).

By violating the jurisdictionally granting, strict compliance mandating and purpose surrounding Act 6/91 or otherwise foreclosing on a Mortgage arrearage which had been cured, Defendant had violated Plaintiffs' Civil Rights by formally instituting a foreclosure which deprived Plaintiffs of free and marketable title as well as forever damaged the credit and pre-foreclosure Complaint opportunity to cure which the mortgage contract guarantees.

Defendant's Motion to Dismiss Plaintiffs' Civil Rights claim must be denied.

B.      Fraud and Fraudulent Misrepresentation

Precision of language, a hallmark of effective advocacy, Plaintiffs' Complaint clearly identifies with enough requisite specificity even without disanalogizing Twombly (an anti-trust class action) to move forward.

While Plaintiffs' Complaint speaks further, at the very least, Defendant entered into a Mortgage and served Act 6/91 Notice both representing Plaintiffs' right to reinstate and, then after reinstatement, foreclosed regardless, only to discontinue upon realization of Defendant's liability for their contractual, statutory, common law and otherwise nefarious asset seeking (or, at the very least, recklessly indifferent) misconduct.

Otherwise, Plaintiffs incorporate their Complaint as if fully set forth at length herein.



Defendant's claim of lack of specificity should be denied.

C. <u>Breach of Contract, and Good Faith and Fair Dealing</u>

Defendant claims Plaintiffs' "nonsensical," but asserts there can be no Breach of Contract in this action arising out of <u>contracts</u> vis-à-vis a Mortgage and Note which are in the possession of Defendant.

Defendant then claims there could be more breach of duty of Good Faith and Fair Dealing by citing <u>Conomos</u>, supra, which Defendant illustrates holds that, in fact, there is such a duty arising out of the "performance and enforcement of a contract between the parties."

A fair reading of Plaintiffs' Complaint rebuts Defendant's contentions regarding failure vis-à-vis contracts, (Mortgage and Note) and good faith, which contracts are in Defendant's possession for which this action necessarily arises as well as the case law of course supporting.

Without more, it is Defendant whose defenses lack merit.

D. <u>UCC, FTC and Breach of Warranty: defenses waived.</u>

Movant cites no law nor true argument and as such, these defenses are waived.

All Motions must be accompanied by Memorandum of Law with citations to authority. L.R.Civ.P. 7.1 (c); F.R.C.P. 7(b)(1). Failure of a Motion to cite requisite authority renders those arguments waived. <u>Goodman v. 1973 26 Foot Trojan-Vessel</u>, 859 F 2.d 71, 74 (C.A.8 (8A) 1988).

These arguments are waived.

E. <u>Improvident Lending a/k/a Negligence or Negligent Lending</u>.

While Defendant contends "improvident lending" a "new cause of action," see: <u>F.D.I.C. v. Jackson</u>, 133 F.3d 926 (C.A. 9 1998); <u>In Re Tri-Valley Distributing, Inc.</u>, 350 B.R. 628 (2006 WL 2583247 (10th Cir B.A.P.); <u>In re OODC, LLC</u>, 321 B.R. 128 (Bkrtcy.D.Del. 2005); <u>Aliberti, LaRochelle & Hodson Engeneering Corp., Inc. v. F.D.I.C.</u>, 844 F.Supp 832 (D.ME. 1994); <u>Nelson v. Nationwide Mortg. Corp.</u>, 659 F.Supp 611 (D.D.C. 1987).

Regardless of whether a separate cause of action or merely a theory of liability vis-à-vis negligence, improvident or negligent lending is both recognized separately in many jurisdictions and should be by this Honorable Court-this practice giving rise to the mortgage foreclosure crisis to which this Complaint typifies.

E. Breach of Fiduciary Duty

As Defendant illustrates, this cause of action is ripe for discovery regarding Defendant's breach of its first-party, confidential, and trusted relationship.

This Motion should be denied.

WHEREFORE, Defendants' Motion to Dismiss should be denied.

PROCHNIAK WEISBERG, P.C.


BY: /s/ Matthew B. Weisberg
    MATTHEW B. WEISBERG
    Attorney for Plaintiffs



<u>UNITED STATES DISTRICT COURT</u>
<u>EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| Edward and Sandra Murphy | : | Civil Action No.: |
| 210 Amelia Street | : | |
| Mont Clare, PA   19453 | : | 07-4417 |
|           Plaintiff | : | |
|       v. | : | |
| | : | |
| Washington Mutual Home Loans, Inc. | :Jury of Twelve (12) Jurors Demanded |
| 1301 Second Ave. | : | |
| Seattle, WA 98101 | : | |
| | : | |
|       And | : | |
| | : | |
| Wells Fargo | : | |
| 3476 Stateview Blvd. | : | |
| Fort Mills, SC  29715 | : | |
|           Defendants | : | |

## <u>ORDER</u>

AND NOW THIS            day of                    , 2008, upon consideration of Defendants', Washington Mutual Home Loans, Inc., et al, Motion to Dismiss, and Plaintiffs' Response thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.

**AND IT IS SO ORDERED.**

                                                                                       _____
                                                                                       **J. CURTIS JOYNER, J.**



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy | : | Civil Action No.: |
| 210 Amelia Street | : | |
| Mont Clare, PA   19453 | : | 07-4417 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Washington Mutual Home Loans, Inc. | : Jury of Twelve (12) Jurors Demanded |
| 1301 Second Ave. | : | |
| Seattle, WA 98101 | : | |
| | : | |
| And | : | |
| | : | |
| Wells Fargo | : | |
| 3476 Stateview Blvd. | : | |
| Fort Mills, SC  29715 | : | |
| Defendants | : | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS, WASHINGTON MUTUAL HOME LOANS, INC., ET AL, MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Incorporating by reference their attached Memorandum of law, Plaintiffs' respond to Defendants, Washington Mutual Home Loans, Inc., et al, Motion to Dismiss.

WHEREFORE, Defendants' Motion to Dismiss should be denied.

PROCHNIAK WEISBERG, P.C.
/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs