**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD AND SANDRA MURPHY,** | : | |
| Plaintiffs, | : | No. 07-4417 |
| v. | : | |
| **WASHINGTON MUTUAL HOME LOANS, INC., et al.** | : | |
| Defendants. | : | |

# O R D E R

**AND NOW**, this ____ day of _____, 2008, upon consideration of the Motion to Dismiss of Defendant Wells Fargo, it is hereby **ORDERED** that the Motion is **GRANTED** and all Counts of Plaintiffs' Amended Complaint are **DISMISSED WITH PREJUDICE** as to Wells Fargo.

**BY THE COURT:**

_____ **J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD AND SANDRA MURPHY,** | : | |
| Plaintiffs, | : | No. 07-4417 |
| v. | : | |
| **WASHINGTON MUTUAL HOME LOANS, INC., et al.** | : | |
| Defendants. | : | |

## MOTION TO DISMISS OF DEFENDANT WELLS FARGO

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wells Fargo respectfully move this Court for the entry of an Order dismissing the Amended Complaint for failure to state a claim as a matter of law as to Wells Fargo. The grounds for this motion are stated more fully in the accompanying Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

*/s/ Henry F. Reichner*
Henry F. Reichner (P.A. I.D. No. 46486)
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
Telephone:  (215) 851-8100

*Attorneys for Defendant
Wells Fargo*

Dated:  April 3, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **EDWARD AND SANDRA MURPHY,** | : | |
| Plaintiffs, | : | No. 07-4417 |
| v. | : | |
| **WASHINGTON MUTUAL HOME LOANS, INC., et al.** | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION TO DISMISS OF DEFENDANT WELLS FARGO**

    Henry F. Reichner, Esquire
    **REED SMITH LLP**
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA  19103-7301
    Telephone No. (215) 851-8100

    *Attorneys for Defendant
    Wells Fargo*

# **TABLE OF CONTENTS**

PAGE(s)

I. INTRODUCTION ..................................................................................................................1

II. ALLEGED FACTS ................................................................................................................1

III. ARGUMENT ..........................................................................................................................3

    A. Real Estate Settlement Procedures Act (Count I) .....................................................4

    B. Fair Credit Reporting Act (Count II) .........................................................................4

    C. Fair Debt Collections Practices Act (Count III) .......................................................5

    D. Credit Services Act (Count IV) .................................................................................5

    E. Fair Credit Extension Uniformity Act (Count V) .....................................................6

    F. Unfair Trade Practices and Consumer Protection Law (Count VI) .........................6

    G. Loan Interest and Protection Law (Count VII) .........................................................6

    H. Wrongful Use (Count VIII) .......................................................................................6

    I. Uniform Commercial Code and Federal Trade Commission (Count IX) ................7

    J. Violation of Civil Rights (Count X) ..........................................................................7

    K. Fraud and Fraudulent Misrepresentation (Count XI) ...............................................7

    L. Breach of Contract and Warranty (Count XII) .........................................................8

    M. Negligence, Negligent Misrepresentation, and Improvident (Negligent)
       Lending (Count XIII) (Second Count XII) ................................................................8

    N. Breach of the Covenant of Good Faith and Fair Dealing (Count XIV) ...................8

    O. Breach of Fiduciary Duty (Count XV) ......................................................................9

    P. Abuse and Misuse of Process (Count XVI) ..............................................................9

IV. CONCLUSION .....................................................................................................................10

I.   **INTRODUCTION**

Plaintiffs have sued two defendants in this case involving their residential mortgage. The first is the lender that they claim (a) wrongly initiated a foreclosure action against them and (b) issued two incorrect statements the month following their reinstatement of their loan. The second defendant, Wells Fargo (the movant herein), received an assignment of Plaintiffs' mortgage loan well after all these events had taken place. There are no facts alleged in the Amended Complaint that support any of the sixteen (16) causes of action Plaintiffs have now mindlessly[1] asserted against Wells Fargo. That being the case, Wells Fargo should be dismissed as a defendant.

II.   **ALLEGED FACTS**

On June 22, 2002, Plaintiffs Edward and Sandra Murphy (the "Murphys" or "Plaintiffs") entered into a residential mortgage loan with non-party Gateway Funding Diversified Mortgage Services, L.P. ("Gateway Funding"). See Amended Complaint, ¶¶9-10. The Amended Complaint does not allege that Wells Fargo had anything to do with the origination of the loan.

The loan was subsequently assigned by Gateway Funding (through a nominee) to Co-Defendant Washington Mutual Home Loans, Inc. ("WaMu"). See Amended Complaint, ¶10. The Murphys admit that, in May of 2006, the loan was in default. Id., ¶¶11-15. WaMu thus sent the Murphys an Act 6/91 Notice on May 24, 2006. Id., ¶11. The Murphys allege that they sent WaMu a "check to reinstate" on May 31, 2006, but that WaMu "failed to cash the check and

---

[1]   Were the Court to examine other filings made by Plaintiffs' counsel on behalf of other borrowers in the Eastern District, the Court would discover that they are quite similar to the Amended Complaint in this case – short on facts but laden with causes of action that have no bearing on the actual facts alleged and counts consisting for the most part of one sentence conclusions of law. See, e.g., Kemezis v. Matthew et al., Case 2:07-cv-05086-MMB (E.D. Pa.); Laychock v. Wells Fargo Home Mortgage et al., Case 2:07-cv-04478-JS (E.D. Pa.). These are only two examples of many.

reinstate Plaintiffs' mortgage." Id., ¶¶12-13.  WaMu then filed a mortgage foreclosure action in Montgomery County, Pennsylvania, on June 27, 2006.  Id., ¶10.  "On July 12, 2006, Plaintiffs issued a certified check in the amount of $4,101.68 to reinstate their mortgage."  Id., ¶15.  Having reinstated the mortgage, WaMu promptly dismissed the foreclosure action on July 25, 2006.  Id., ¶16.  The Amended Complaint does not allege that Wells Fargo had anything to do with the default, the foreclosure, or the reinstatement of the Murphys' mortgage in 2006.

The Murphys also allege that WaMu did not send them a statement for July, 2006, that WaMu then sent them a statement for $687.68 with a November 1, 2006 due date on August 4, 2006, and that WaMu then sent them a statement for $1,412.80, including a missed payment and late fee, with a due date of September 1, 2006, on August 17, 2006.  See Complaint, ¶¶17-19.  The Amended Complaint does not allege that Wells Fargo had anything to do with these August 2006 statements.

Plaintiffs filed their original Complaint in this action on October 22, 2007, and named only WaMu as a defendant.  Plaintiffs subsequently filed an Amended Complaint on January 10, 2008, at which time they added Wells Fargo as a defendant solely on the basis that their loan had been assigned by WaMu to Wells Fargo well after the underlying events.  See Amended Complaint, ¶¶10, 21.  This is the sole basis Plaintiffs have to support their claims against Wells Fargo.

Plaintiffs assert a mind-boggling sixteen (16) causes of action against Wells Fargo in their Amended Complaint.  Each and every one of these claims is based on the 2006 foreclosure action filed by WaMu, the statements allegedly sent by WaMu to Plaintiffs in August of 2006, or the origination of the loan by Gateway Funding.  See Amended Complaint, ¶¶25-26.  There are no specific facts concerning any conduct by wells Fargo alleged in the Amended Complaint.

**III.    ARGUMENT**

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim to relief that is "plausible" (as opposed to just "conceivable").  Bell Atlantic Corp. v. Twombly, 550 U.S. ---, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (May 21, 2007).  To survive a motion to dismiss, a complaint must contain more than "labels and conclusions;" rather, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965. Further, the Court need not assume facts that were not alleged in the complaint.  See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998).

The Amended Complaint purports to allege causes of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602 *et seq.* ("RESPA") (Count I), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") (Count II), Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count III), the Credit Services Act, 73 P.S. § 2182 *et seq.* ("CSA") (Count IV), Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA") (Count V), Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. § 201-1 *et seq.* ("UTPCPL") (Count VI), Loan Interest and Protection Law, 41 P.S. § 101 *et seq.* ("Usury Statute") (Count VII), Wrongful Use (Count VIII), Uniform Commercial Code ("UCC") and Federal Trade Commission ("FTC") (Count IX), Violation of Civil Rights, 42 U.S.C. § 1983 (Count X), Fraud and Fraudulent Misrepresentation (Count XI), Breach of Contract and Warranty (Count XII), Negligence, Negligent Misrepresentation, and Improvident (Negligent) Lending (Count XIII), Breach of the Covenant of Good Faith and Fair Dealing (Count XIV), Breach of Fiduciary Duty (Count XV), and Abuse and Misuse of Process (Count XVI).  None of these counts states a cause of action against Wells Fargo.

### A.   Real Estate Settlement Procedures Act (Count I)

The Amended Complaint alleges that "Defendants" violated RESPA.  See Amended Complaint, ¶¶ 35-36.  However, RESPA defines a lender subject to its provisions as "the secured creditor named in the debt obligation and document creating the loan."  24 C.F.R. § 3500.2(b).  Assignees such as Wells Fargo are thus not subject to liability under RESPA.  See Murray v. First National Bank of Chicago (In re Murray), 239 B.R. 728 (Bankr. E.D.Pa. 1999).  Further, RESPA has a one-year statute of limitations for fee-splitting claims.  12 U.S.C. § 2614.  Against this backdrop, there is no RESPA claim against Wells Fargo and, as such, Count I must be dismissed.

### B.   Fair Credit Reporting Act (Count II)

The Amended Complaint alleges that "Defendants" violated FCRA.  Nowhere does the Amended Complaint allege when or how Wells Fargo accessed Plaintiffs' credit information or why a lender with whom they had an existing relationship would not have a permissible purpose to access their credit information.  See Houghton v. New Jersey Manufacturers Ins. Co., 795 F.2d 1144 (3d Cir. 1986) (for the "legitimate business need" permissible purpose to exist, a "consumer relationship" must exist between the person requesting the report and the subject of the report).

Nor is there any allegation that Wells Fargo furnished inaccurate information to credit reporting agencies about them or that Plaintiffs ever disputed any such information.  Further, Section 1681s-2 of FCRA regulates the responsibilities of furnishers of information to consumer reporting agencies.  Subsection (a) imposes a duty upon furnishers of information to provide accurate information.  It prohibits the reporting of erroneous information, imposes a duty to correct and update information, and imposes a duty to provide notice of a consumer's dispute.  15 U.S.C. § 1681s-2(a).  Subsection (b) imposes additional duties once the furnisher of information

receives notice of the consumer's dispute from a credit reporting agency. This subsection requires the furnisher of information to conduct an investigation, review all relevant information, report the results, and modify, delete or block inaccurate or incomplete information. 15 U.S.C. § 1681s-2(b). Plaintiffs make no allegation that they disputed any inaccurate information and thus there can be no claim under § 1681s-2(b). But no private right of action exists to redress violations of 1681s-2(a). Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).

Given the foregoing, Count II should be dismissed as to Wells Fargo.

### C. Fair Debt Collections Practices Act (Count III)

The Complaint alleges that "at all times material, Defendants were in violation FDCPA 15 U.S.C. § 1692, et seq., including but not limited to Defendants' using false and/or deceptive collection methods and/or mischaracterizing the alleged debt." See Complaint, ¶ 38. However, the FDCPA provides that an action to enforce any liability created by the Act must be brought "within one year from the date on which the violation occurs." See 15 U.S.C. § 1692k(d). Plaintiffs' FDCPA claim arises from the alleged wrongfully filed mortgage foreclosure action which was discontinued on or about July 25, 2006. See Complaint, ¶16. Since Plaintiffs did not bring this suit until October 22, 2007, more than one year after the mortgage foreclosure action was discontinued, their FDCPA claim is time-barred. As such, Count III of the Amended Complaint should be dismissed.

### D. Credit Services Act (Count IV)

The Amended Complaint alleges that "Defendants were in violation of the CSA, 73 P.S. § 2182, et seq." See Amended Complaint, ¶ 39. The CSA, however, regulates activities of "credit service organizations." 73 P.S. § 2182. Lenders and banks, such as Wells Fargo, are

expressly excluded from the definition of a "credit services organization."  <u>Id</u>.  <u>See</u> <u>also</u> <u>Stuart v. Decision One Mortgage Co., LLC, et al.</u>, 2007 Wl 1032261 (Bankr. E.D. Pa. April 6, 2007).  As such, Wells Fargo cannot he liable under the CSA and Count IV should be dismissed.

### E. <u>Fair Credit Extension Uniformity Act (Count V)</u>

The Complaint alleges that "Defendants" violated the FCEUA but fails to allege any specific communication between Plaintiffs and Wells Fargo and certainly does not allege facts that would show how any communication violated the Act.  As such, Count V must be dismissed.

### F. <u>Unfair Trade Practices and Consumer Protection Law (Count VI)</u>

The Complaint alleges that "Defendants" violated the UTPCPL but fails to allege any specific act by Wells Fargo.  As such, there can be no UTPCPL claim against Wells Fargo and Count VI must be dismissed.

### G. <u>Loan Interest and Protection Law (Count VII)</u>

The Amended Complaint alleges that "Defendants were in violation of 41 P.S. § 101, et seq. by charging an unlawful rate of interest via the Loan, the Loan's servicing, and/or in Foreclosure and/or Bankruptcy, as applicable."  <u>See</u> Amended Complaint, ¶ 46.  The Usury State only applies to loans which are in an amount less than $50,000.  <u>See</u> 41 P.S. § 201.  Plaintiffs do not allege that their loan was less than $50,000 and, accordingly, Count VII fails to state a cause of action.

### H. <u>Wrongful Use (Count VIII)</u>

The Amended Complaint alleges a claim for wrongful use based solely on he foreclosure action.  <u>See</u> Amended Complaint, ¶¶ 47-51.  However, the Amended Complaint makes it clear that only Washington Mutual filed the foreclosure action.  <u>See</u> Amended Complaint, ¶10.  That

being the case, there can be no wrongful use case against Wells Fargo and, as such, Count VIII should be dismissed.

### I. Uniform Commercial Code and Federal Trade Commission (Count IX)

The Complaint alleges that "the aforesaid constitutes violations of the UCC and FRC". See Complaint, ¶ 52. This allegation is unintelligible and Count IX should be dismissed out of hand.

### J. Violation of Civil Rights (Count X)

The Complaint alleges that the use of "the Court of Common Pleas, Prothonotary, and/or Sheriff" in connection with the foreclosure violated Plaintiffs' civil rights. See Complaint, ¶¶ 53-55. First, Wells Fargo had nothing to do with the foreclosure. Second, a mortgage foreclosure action does not rise to the level of state action. Shipley v. First Fed. San. & Loan Assn of Del., 703 F. Supp. 1122, 1129-31 (D.Del. 1988), aff'd, 877 F.2d 57 (3d Cir. 1989) (holding bank and attorney who filed foreclosure action against real property did not engage in state action for purposes of Section 1983); Nanva-Nashut v. Centex Home Equity Corp., 2003 WL 22871667, *2 ("Even when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action); Nanva-Nashut v. Bank One National Association, 2003 WL 22078022, *3 (holding that a bank did not engage in state action for purposes of Section 1983 by filing a mortgage foreclosure action). Against this backdrop, Count X must be dismissed.

### K. Fraud and Fraudulent Misrepresentation (Count XI)

The Amended Complaint generally alleges that "the aforesaid misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from a security interest in Plaintiffs' home, monetary consideration from the Plaintiffs, and/or otherwise from the proceeds of the loan and/or foreclosure." See Amended Complaint, ¶ 56. However, Plaintiffs have not

- 7 -

pled any representations by Wells Fargo.  Indeed, Plaintiffs have not alleged with specificity, or otherwise, any of the elements necessary to plead a claim for fraud.  Accordingly, Count XI must be dismissed.

### L.     Breach of Contract and Warranty (Count XII)

The Amended Complaint alleges that "Plaintiffs and Defendants were parties to an express contract(s) and/or contract(s) and/or warranties implied at law, which includes but is not limited to Defendants' as third-party beneficiaries, which Defendants are in breach thereof."  See Amended Complaint, ¶ 58.  Plaintiffs allege no facts from which the Court could conclude that Wells Fargo breached any contract or warranty with Plaintiffs.  As such, Count XII must be dismissed.

### M.     Negligence, Negligent Misrepresentation, and Improvident (Negligent) Lending (Count XIII) (Second Count XII)

The Amended Complaint alleges that "Defendants acted negligently, carelessly, and/or recklessly" in making them a loan.  See Amended Complaint, ¶ 59.  Even assuming such a cause of action exists – and it does not – it is undisputed that Wells Fargo never extended credit to Plaintiffs; Wells Fargo is simply alleged to be the assignee of Plaintiffs' existing loan.  That being the case, Count XIII fails to state a claim as to Wells Fargo and Count XIII must be dismissed.

### N.     Breach of the Covenant of Good Faith and Fair Dealing (Count XIV)

The Amended Complaint alleges that "Defendants were in violation of the covenant of good faith and fair dealing."  See Amended Complaint, ¶ 60.  Plaintiffs allege no facts from which the Court could conclude that Wells Fargo violated any covenant of good faith and fair dealing with Plaintiffs.  As such, Count XIV must be dismissed.

**O.      Breach of Fiduciary Duty (Count XV)**

The Amended Complaint alleges that "Defendants breached their fiduciary duties to Plaintiffs." See Amended Complaint, ¶ 61.  Pennsylvania courts have held on many occasions that a lender is not a fiduciary of a borrower absent special circumstances.  Grace v. Moll. 285 Pa. 353, 355, 132 A.171 (1926); Federal Land Building of Baltimore v. Fetner, 269 Pa.Super 455, 461, 410 A.2d. 344, 348 (1979), cert. denied, 446 U.S. 918 (1980).  The law presumes the relationship between lenders and borrowers is conducted at arms-length and the parties are each acting in their own interest.  Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 318 (E.D. Pa. 1992); DiCicco v. Willow Grove Bank, 2004 WL 2150980 (E.D.Pa.2004).  The fact that a lender has been involved in many loans or has expertise and the borrower has little or no experience, does not create a fiduciary relationship between the parties.  In re Alfreda Johnson, 292 B.R. 821, 828 (Bankr. E.D. Pa.2003).  As Plaintiffs have alleged no facts that would suggest any fiduciary relationship between them and Wells Fargo, Count XV must be dismissed.

**P.      Abuse and Misuse of Process (Count XVI)**

The Amended Complaint alleges that "via the foreclosure and/or within the Bankruptcy (above discussed), Defendants committed an Abuse and/or Misuse of Process."  See Amended Complaint, ¶ 62. Again, it is undisputed that Washington Mutual filed the foreclosure action and that Wells Fargo did not take an assignment of the mortgage until after the foreclosure was discontinued.  See Amended Complaint, ¶¶10-16, 21.  It follows that Plaintiffs cannot make out a claim for abuse/misuse of process against Wells Fargo and that Count XVI must be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo respectfully requests that this Court dismiss all of Plaintiffs' claims against Wells Fargo with prejudice.

Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner (P.A. I.D. No. 46486)
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
Telephone:  (215) 851-8100

*Attorneys for Defendant*
*Wells Fargo*

Dated:  April 3, 2008

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copies of the foregoing Motion to Dismiss and Memorandum of Law in support thereof were served this 3rd day of April 2008, by ECF on the following:

> Matthew B. Weisberg, Esquire
> Soleiman Raie, Esquire
> **PROCHNIAK WEISBERG, P.C.**
> 7 S. Morton Avenue
> Morton, PA 19070
>
>
> Sandhya M. Feltes, Esquire
> **Kaplin Stewart**
> Union Meeting Corporate Center
> 910 Harvest Drive
> Blue Bell, PA  19422-0765

  _/s/ Henry F. Reichner_
  Henry F. Reichner