## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy<br>210 Amelia Street<br>Mont Clare, PA  19453 | : <br> : <br> : | Civil Action No.: 07-04417 |
| Plaintiff | : | |
| v. | : <br> : | |
| Washington Mutual Home Loans, Inc., et al<br>1301 Second Ave.<br>Seattle, WA 98101 | : <br> : <br> : | Jury of Twelve (12) Jurors Demanded |
| Defendants | : | |

### ORDER

And now this 12th day of May, 2008, upon consideration of Defendant's, Wells Fargo, Motion to Dismiss Plaintiffs' Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED Defendant's Motion to Dismiss is DENIED.

**AND IT IS SO ORDERED.**

_____
Curtis Joyner, J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Sandra Murphy<br>210 Amelia Street<br>Mont Clare, PA 19453<br>     Plaintiff<br>v.<br><br>Washington Mutual Home Loans, Inc., et al<br>1301 Second Ave.<br>Seattle, WA 98101<br>     Defendants | Civil Action No.: 07-04417<br><br><br><br><br><br>Jury of Twelve (12) Jurors Demanded |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S, WELLS FARGO, MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Incorporating by reference their attached Memorandum of Law, Plaintiffs request this Honorable Court deny Defendant's, Wells Fargo, Motion to Dismiss Plaintiffs' Amended Complaint.

**WHEREFORE**, Plaintiffs request this Honorable Court deny Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

                PROCHNIAK WEISBERG, P.C.

                BY:___/s/ Matthew B. Weisberg
                MATTHEW B. WEISBERG
                Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Sandra Murphy<br>210 Amelia Street<br>Mont Clare, PA   19453<br>                    Plaintiff<br>v.<br><br>Washington Mutual Home Loans, Inc., et al<br>1301 Second Ave.<br>Seattle, WA 98101<br>                    Defendants | Civil Action No.: 07-04417<br><br><br><br><br><br>Jury of Twelve (12) Jurors Demanded |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S, WELLS FARGO, MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

**I. Introduction**

Plaintiffs incorporate by reference their prior Response (Docket # 13) to Defendant, Washington Mutual's Motion to Dismiss (#14).

Defendant's, Well Fargo, Motion to Dismiss Plaintiffs' Amended Complaint cannot be granted (except as conceded below) as Defendant cites no law nor states in any respect in its Motion its presumed defense that it is a bona fide purchaser for value/holder-in-due-course and thus immune as an assignee-successor to the underlying mortgage. Not only is this defense waived as for the first time stated in this Response, but that defense requires this Honorable Court's otherwise factual determinations (i.e., the decision-making relationship between Movant and Defendant, Washington Mutual, vis-à-vis the underlying mortgage).

While a factual determination is *per se* inappropriate upon a Motion to Dismiss, Plaintiffs' further explain its impropriety as especially peculiar to the facts surrounding any foreclosure: assignments of record often well post-date assignee's actual transfer of responsibility and control (and thus, liability) for the mortgage's servicing. Said another way, it

is unknown to Plaintiffs and cannot be known without discovery whether Movant was actually responsible for the wrongful foreclosure regardless of the date of the mortgage's formal assignment. As is often the case between mortgage assignors and assignees, Movant may even be contractually liable merely by virtue of its asset purchase.

As liable successors having waived the defense of bona fide purchasers at this stage and as averred as factually driving the wrongful foreclosure, Defendant's Motion should be denied.

**II.     Concessions**

Without admission, and merely for litigation strategy re: efficiency, Plaintiffs concede withdrawal of Counts: III ("FDCPA"); IV ("CSA"); VII ("Usury"); IX ("UCC" & "FTC"); and XV ("Fiduciary Duty").

**III.    Argument**

Under Twombly and inconsistently thereafter Erickson as recently interpreted by the Third Circuit in Phillips, Plaintiff's obligations under FRCP 8 and 9 are unchanged except to the extent that the more complex a fact pattern (for illustration negligence and a §1983 claim being cited as the least complex with antitrust as the most) the greater factual specificity must be alleged so as to make the most complex contexts objectively on the face of the Complaint able to give plausible rise to the requested relief.

Defendant does not claim Plaintiffs' Complaint insufficiently specific but rather claims no set of facts alleged against it. Movant neglects Plaintiffs' Amended Complaint's Statement of Claims (IV), Assignment and/or Servicing (A).

The facts underlying Plaintiffs' claim for wrongful foreclosure are simple, so is Movant's liability – Wells Fargo factually and/or as a matter of law was alternatively responsible for the wrongful foreclosure.

Nonetheless, Plaintiff addresses Defendant's successor liability and the failed defense of bona fide purchaser for value as well as the causes of action Defendant mischaracterizes:

A.    Successor Liability v. Bona Fide Purchaser for Value/Holder-In-Due-Course

Pursuant to the "FTC Holder Rule" (Federal Trade Commission's Rule Concerning the Preservation of Consumers' Claims and Defenses), assignee holders of mortgages are subject to the same liability as the loan originating lender. 16 C.F.R. §433. In fact, this language (holder is subject to all claims and defenses the consumer has against the seller) is required to be in the Note. Id., at §433.1(i). So clear, the failure to concede liability under the FTC Holder Rule has been held to be a distinct unfair trade practice subjecting the assignee to additional liability. Jaramillo v. Gonzales, 50 P.3d 554 (N.M.Ct.App. 2002). Even if the Notice is omitted in the Note, it is implied pursuant to Revised Article 9 of the UCC. In re Barker, 306 B.R. 339, 350 (Bankr.E.D.Cal. 2004); Rev. U.C.C. §§9-403(d), 404(d); *see also*, Official Comment 5, Rev. U.C.C. §9-403).

Even without the FTC Holder Rule, common law has long held an assignee subject to that which could be brought against an assignor. 9 Corbin, Corbin on Contracts §§892 (interim ed. 2002); 29 Lord, Williston on Contracts §§74.47, 74.49 (4th ed. 2003); Farnsworth, Farnsworth on Contracts §11.8 (2d ed. 1998); Restatement (Second) of Contracts § 336 (1981).

While Plaintiffs here provide a preemptive overview of movant's assignee liability, it should again be noted that movant did not raise its status as a Holder-In-Due-Course (see UCC, Article 3) and thus that *affirmative* defense is waived (Plaintiffs are not forced to make Defendant's argument only then to rebut in a vacuum). Goodman v. 1973 26 Foot Trojan-Vessel, 859 F 2.d 71, 74 (C.A.8 (8A) 1988). Even if argued, it would not be ripe as it requires factual determinations (such as, notice, good faith, etc.) inappropriate at this stage.

B.  §1983 (Civil Rights)

While expressed in Plaintiffs' Response to Washington Mutual's Motion (and incorporated hereing), Plaintiffs further explain:

In applying Section 1983 for improper court action, both Pennsylvania and this District have held a pertinently identical creditor liable for civil rights violations arising from instant creditor's misuse of process. *See*, Grillo v. BA Mortgage, LLC, 2004 WL 2250974 (E.D. Pa. 2004) (not reported) (citing Lugar v. Edmonson Oil Co., 457 US 922, 937, 102 S. Ct. 2744 (1982)); *see also*, Guar. Trust Co. v. Mowl, 705 A.2d 923, 926 (Pa. Super. 1998); Nationsbanc Mortgage Corp. v. Grillo, 827 A.2d 489, 492-493 (Pa. Super. 2003); Union Nat'l Bank of Pitts v. Ciongoli, 407 Pa. Super. 171, 595 A.2d 179 (1991).

However slight, meaningful interference with an individual's possessory interest to property results in a seizure for civil rights analysis. Cali. v. Hodri, 499 U.S. 621, 640, 111 S. Ct. 1547 (1991); Conn. v. Doehr, 501 U.S. 1, 4, 111 S. Ct. 2105 (1991). A civil rights violation arises from a deprivation of property interest under color of State law without due process. Dykes v. SEPTA, 68 F.3d 1564, 1570 (3d Cir. 1995).

A wrongful foreclosure is a civil rights violaton and Defendant's Motion should be denied.

**WHEREFORE**, Plaintiffs request this Honorable Court deny Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

PROCHNIAK WEISBERG, P.C.

BY:  /s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy<br>210 Amelia Street<br>Mont Clare, PA 19453 | : | Civil Action No.: 07-04417 |
| Plaintiff | : | |
| v. | : | |
| Washington Mutual Home Loans, Inc., et al<br>1301 Second Ave.<br>Seattle, WA 98101 | : | Jury of Twelve (12) Jurors Demanded |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, hereby certify that on this 12th day of May, 2008, a true and correct copy of Memorandum of Law in Support of Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, was served by electronic filing or regular mail, respectively, upon the following parties:

Kaplin Stewart
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422-0765

Reed Smith, L.L.P.
Henry F. Reichner, Esq.
2500 One Liberty Place
Philadelphia, PA 19103

                                      PROCHNIAK WEISBERG, P.C.

                                      BY:   /s/ Matthew B. Weisberg
                                      MATTHEW B. WEISBERG
                                      Attorney for Plaintiffs