

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



EDWARD AND SANDRA MURPHY,

          Plaintiffs,

v.

WASHINGTON MUTUAL HOME LOANS, INC., et al.

          Defendants.

No. 07-4417



# REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Henry F. Reichner, Esquire
**Reed Smith** LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone No.: 215.51.8266
Facsimile No.: 215.851.1420
hreichner@reedsmith.com

Counsel for Defendant
Wells Fargo

## TABLE OF CONTENTS

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. ARGUMENT........................................................................................................1

    A.    AN ASSIGNEE OF A MORTGAGE LOAN IS NOT AFFIRMATIVELY LIABLE FOR THE WRONGS OF THE ASSIGNOR SIMPLY BY VIRTUE OF THE ASSIGNMENT ...................................................................2

        1.    THE FTC HOLDER RULE DOES NOT APPLY TO MORTGAGE LOANS.........................................................................2

        2.    WHILE THE COMMON LAW ALLOWS A BORROWER TO ASSERT DEFENSES IT HAS AGAINST AN ASSIGNOR IN AN ENFORCEMENT ACTION BROUGHT BY AN ASSIGNEE, IT DOES NOT IMPOSE AFFIRMATIVE LIABILITY ON THE ASSIGNEE SIMPLY BY VIRTUE OF A MERE ASSIGNMENT ...........3

        3.    PLAINTIFFS' HOLDER IN DUE COURSE AND WAIVER ARGUMENTS ARE RED HERRINGS.................................................5

    B.    PLAINTIFFS' CLAIMS OTHERWISE FAIL OR SHOULD BE DISMISSED ...................................................................................................5

        1.    THE COURT SHOULD DISMISS THOSE COUNTS PLAINTIFFS HAVE FAILED TO DEFEND EVEN IF NOT EXPRESSLY WAIVED...................................................................5

        2.    THE FIVE COUNTS PLAINTIFFS HAVE MENTIONED STILL DO NOT STATE A CAUSE OF ACTION AGAINST WELLS FARGO ...................................................................................6

            A.    COUNT X (SECTION 1983) ..............................................6

            B.    COUNT XI (FRAUD) .........................................................7

            C.    COUNT XII (BREACH OF CONTRACT/WARRANTY) AND COUNT XIV (DUTY OF GOOD FAITH)............................7

            D.    COUNT XII (SIC) (REALLY COUNT XIII) (NEGLIGENT LENDING) ...................................................8

III. CONCLUSION.....................................................................................................8

I.   **INTRODUCTION**

It does not take holder in due course status to defeat Plaintiffs' claims against Wells Fargo. Under the common law, an assignee of a mortgage loan is not affirmatively liable to the borrower for the wrongs of the assignor simply by virtue of the assignment. And, the FTC Holder Rule does not apply to mortgage loans that do not arise out of home improvement contracts. Thus, Plaintiffs' theory of liability against Wells Fargo -- affirmative assignee liability -- fails as a matter of law. That being the case, the Court should grant the Motion to Dismiss filed by Wells Fargo.

II.   **ARGUMENT**

At the end of the day, Plaintiffs acknowledge that Wells Fargo neither originated nor filed an action to foreclose on their loan -- the very conduct underlying Plaintiffs' claims. Indeed, the Amended Complaint alleges that Gateway Funding originated the loan, that the loan was assigned in the first instance to Washington Mutual, that Washington Mutual filed and withdrew the mortgage foreclosure action in Montgomery County, and that the loan was assigned to Wells Fargo. See Amended Complaint, ¶¶9, 10, 16, 21, 25.[1]

Plaintiffs thus devote their brief to the argument that Wells Fargo as assignee is affirmatively liable to them under the FTC Holder Rule or, barring that, under the common law. However, the FTC Holder Rule applies only to installment contracts and certain purchase money loan transactions. As Plaintiffs' mortgage loan is neither animal, the FTC Holder Rule has no application to this case. Further, the common law has long held that an assignee is not

---

[1]   Wells Fargo purchased the servicing rights to the loan in or about February of 2007, well after the fact and has held no other interest in the loan. The discussion in its briefs nonetheless assumes that the allegations of the Amended Complaint (that Wells Fargo is now the holder of the loan) are true.

affirmatively liable for the wrongs of the assignor simply by virtue of a mere assignment. Against this backdrop, the Court should grant Wells Fargo's Motion to Dismiss.

    A.    **An Assignee Of A Mortgage Loan Is Not Affirmatively Liable For The Wrongs Of The Assignor Simply By Virtue Of The Assignment**

Neither the FTC Holder Rule nor the common law impose affirmative liability on Wells Fargo.

    1.    **The FTC Holder Rule Does Not Apply To Mortgage Loans**

The FTC Holder Rule provides that a holder of a "consumer credit contract" is subject to all claims and defenses the debtor could assert against the seller of goods or services obtained through the contract. 16 C.F.R. § 433.2.[2]

Those courts which have considered the question have held that "a 'consumer credit contract' made in connection with any sale of 'goods and services' does not include a mortgage loan agreement not made in connection with a sale of goods or services." Johnson v. Long Beach Mortgage Loan Trust 2001-4, 451 F. Supp.2d 16, 55 (D. D.C. 2006) (explaining the express distinction between "sales" of goods or services and "mortgage transactions" under

---

2    Specifically, the FTC Holder Rule "makes it an 'unfair or deceptive act or practice' for a seller to "take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold fact type:"

    NOTICE
    ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

16 C.F.R. § 433.2

federal law and citing 15 U.S.C. §1602(g) (defining "credit sale"); 15 U.S.C. § 1602(w) (defining "residential mortgage transaction"); 15 U.S.C. § 1602(aa) (defining "mortgage)). See also Kaliner v. Mortgage Electronic Registration Systems, Inc. (In re Reagoso), 2007 Bankr. LEXIS 2004, at *17 (Bankr. E.D. Pa. June 6, 2007) (citation omitted) (16 C.F.R. § 433.2 "does not include mortgage loans"). Plaintiffs cite no case law to the contrary. Indeed, the FTC Guidelines themselves say the mortgage loan obtained by Plaintiffs does not fall within the FTC Holder Rule. See 41 Fed. Reg. 20022, 20024 (The FTC Holder Rule does not apply to sales of interests in land, with the exception that home improvement contracts secured by a mortgage are within its ambit).

Because the FTC Holder Rule is inapplicable to Plaintiffs' mortgage loan, the Court should grant Wells Fargo's Motion to Dismiss.[3]

    2.    **While The Common Law Allows A Borrower To Assert Defenses It Has Against An Assignor In An Enforcement Action Brought By An Assignee, It Does Not Impose Affirmative Liability On The Assignee Simply By Virtue Of A Mere Assignment**

There is simply no implication that an assignee of a mortgage loan assumes liability for past breaches by the mere assignment. Paslowski v. Standard Mortgage Corp. of Georgia, 129 F. Supp.2d 793, 798 (W.D. Pa. 2000) (citing Restatement (Second) of Contracts, § 316 (1979)). Rather, it is a basic tenet of contract law that an assignee is liable only for those obligations it specifically contracted to assume . See, e.g., Schneider v. Dumbarton Developers, Inc., 767 F.2d 1007, 1018 (D.C. Cir. 1985) (unless liability has been expressly assumed, under D.C. law, the

---

[3] Wells Fargo observes that the Truth-in-Lending Act ("TILA") 15 U.S.C. §§ 1601, et seq., permits assignee liability for damages only where the TILA violation is "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(e)(1)(A). As it happens, TILA is about the only cause of action Plaintiffs did not throw into their Amended Complaint.

mere assignment does not impose assignee liability); Gillespie v. Seymour, 876 P.2d 193, 201 (Ka. Ct. App. 1994) (when conduct complained of occurred prior to defendant's involvement, and in absence of defendant's agreement to assume assignor's obligations, successor liability not properly asserted against assignee); Cuchine v. H.O. Bell, Inc., 682 P.2d 723, 725 (Mont. 1984) (where it is not clearly shown that assignee assumed assignor's liability, assignee is not subject to contract liability imposed on assignor); Dependable Ins. Co., Inc. v. Landers, 421 So.2d 175, 179 (Fla. App. Ct. 1982) (no affirmative liability as to assignee absent assumption by assignee of assignor's liability); Rittenberg v. Donohoe Constr. Co., Inc., 426 A.2d 338, 341 (D.C. Ct. App. 1981) (absence of allegation that defendant contractually assumed liability for assignor's past breaches is fatal to plaintiff's claim).

Plaintiffs cite to four treatises for the proposition that the "common law has long held an assignee subject to that which could be brought against an assignor." Plaintiffs' brief at ECF page 5 (citations omitted). Not one of these treatises suggests that, under the common law, an assignee is affirmatively liable for the wrongs of an assignor merely by virtue of the assignment. Instead, they each state the unremarkable proposition that defenses that could be asserted against an assignor in an enforcement action can also be asserted against an assignee that brings such an action.

In short, the common law in no way supports Plaintiffs' theory of liability against Wells Fargo and the Court should grant Wells Fargo's Motion to Dismiss.

### 3. Plaintiffs' Holder In Due Course And Waiver Arguments Are Red Herrings

Wells Fargo is not arguing that it is a holder in due course[4] in its Motion to Dismiss. As the foregoing demonstrates, there is no need to do so. Thus, Plaintiffs' allusion to the holder in due course defense can be recognized for what it is -- nothing more than an effort to distract the Court from the lack of merit in Plaintiffs' claims against Wells Fargo. Plaintiffs' waiver argument is equally silly. Wells Fargo has not filed an answer in this case and thus has not been required to assert any affirmative defenses. And, under Rule 12(h)(1) of the Federal Rules of Civil Procedure, waiver only applies to defenses under Rule 12(b)(2)-(5) – none of which are remotely applicable here. Plaintiffs' attempt to re-characterize Wells Fargo's arguments should be ignored.

### B. Plaintiffs' Claims Otherwise Fail Or Should Be Dismissed

In their response to Wells Fargo's Motion to Dismiss, Plaintiffs withdrew Counts III (FDCPA), IV (CSA), VII (Usury), IX (UCC and FTC), and XV (Breach of Fiduciary Duty). Apart from expanding on their civil rights claim (Count X), Plaintiffs simply incorporated their opposition to Washington Mutual's Motion to Dismiss. See Plaintiffs' brief at ECF p. 3, first sentence of brief.

### 1. The Court Should Dismiss Those Counts Plaintiffs Have Failed To Defend Even If Not Expressly Waived

In responding to Washington Mutual's brief, Plaintiff made no mention – and did not oppose dismissal of Counts I (RESPA), II (FCRA), V (FCEUA), VI (UTPCPL), VIII (Wrongful Use), and XVI (Abuse and Misuse of Process). As such, the Court should dismiss these Counts

---

[4]   A holder in due course can enforce an instrument free from any defenses, with certain limited exceptions. 13 P.S. § 3305(b).

outright. Cf. Local Rule 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested. . . . ."); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) ("There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation [Rule 7.1] may be appropriately invoked").

    2.    **The Five Counts Plaintiffs Have Mentioned Still Do Not State A Cause Of Action Against Wells Fargo**

In opposing the pending Motions to Dismiss, Plaintiffs have specifically addressed Counts X (Section 1983), Count XI (fraud), Count XII Breach of Contract/Warranty, XIII (negligent lending), and IV (good faith and fair dealing). Even assuming an assignee could be held affirmatively liable for the wrongs of its assignor, these claims still fail to state a cause of action against Wells Fargo.

    a.    **Count X (Section 1983)**

Plaintiffs contend that the mere filing of a foreclosure action by Washington Mutual interfered with their possessory interest in their residence. Unlike Grillo v. BA Mortgage LLC, 2004 WL 2250974 (E.D. Pa. Oct. 4, 2004) – the only civil rights action cited by Plaintiffs arising out of a mortgage foreclosure – Washington Mutual did not take the property sale and commence eviction proceedings even though the borrower there had tendered the reinstatement amount. Indeed, Washington Mutual did not even obtain a judgment and in fact withdraw the action less than a month after filing in connection with the reinstatement of Plaintiffs loan. There was simply no "enlistment of the 'compulsive power of the local Sheriff'" to effectuate a sale despite tender which as the key to the Grillo case. 2004 WL 2250974, at * 6.

Plaintiffs' citation to Jordan v. Fox, Rothschild, 20 F.3d 1250 (3d Cir. 1994), is unavailing. Plaintiffs are incorrect in their assertion that the Third Circuit was willing to find a

civil rights violation based merely on the filing of a confessed judgment. The key to that case was that the party who filed the confessed judgment used judicial process to execute on the judgment and attached the civil rights plaintiff's bank account, depriving that party of the use of the funds in that account. The Third Circuit expressly stated that the entry of a confessed judgment was <u>not</u> state action involving the force of law and thus, in and of itself, could not be deemed a civil rights violation. 20 F.3d at 1266. Under this rationale, the mere filing of a foreclosure action cannot form the basis of a civil rights action.

There was simply no interference with Plaintiffs' possessory interest in their residence such that there was a seizure through state action. As such, Plaintiffs' civil rights count should be dismissed.

   b. <u>Count XI (Fraud)</u>

Plaintiffs finally explain that the fraud consisted of representing in the Mortgage and Act "6/91" letter that Plaintiffs could reinstate their loan and then, after Plaintiffs had sent in a reinstatement check that was never cashed, filing a foreclosure action that was promptly withdrawn upon receipt and deposit of a second reinstatement. It is readily apparent that this fraud claim is nothing more than a breach of contract claim barred by the gist of the action doctrine. <u>See, e.g.</u>, <u>Freedom Medical, Inc. v. Royal Bank of Canada</u>, 2005 U.S. Dist. LEXIS 37836, at * 21 (E.D. Pa. Dec. 30, 2005) (citations omitted). For this reason alone, the fraud claim should be dismissed.

   c. <u>Count XII (Breach of Contract/Warranty) And Count XIV (Duty of Good Faith)</u>

Plaintiffs apparently argue that the filing of the foreclosure action after they sent a reinstatement check (that was never cashed) is a breach of contract and a breach of the duty of good faith and fair dealing. However, Plaintiffs acknowledge that Washington Mutual promptly

dismissed the foreclosure action upon receipt and deposit of a second reinstatement check. Washington Mutual thus complied with any contractual obligations it had. Independently, there is no allegation that Plaintiffs suffered any contract damages as a result of the filing and withdrawal of the foreclosure action. As such, the contract-based counts should be dismissed.

### d. Count XII (sic) (Really Count XIII) (Negligent Lending)

Finally, putting aside the fact that Pennsylvania has never recognized an "improvident lending" cause of action, the fundamental problem with Plaintiffs' "improvident lending" claim is that nowhere in their Amended Complaint do they allege that the loan they received was more than they could afford or was not suitable at inception. Thus, the "improvident lending claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, this Court should dismiss this case with prejudice as to Defendant Wells Fargo.

Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner, Esquire
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone No.: 215.51.8266
Facsimile No.: 215.851.1420
hreichner@reedsmith.com

Counsel for Defendant
Wells Fargo

Dated: May 16, 2008