UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Sandra Murphy : | |
| : | |
| Plaintiffs : | No.: 07-4417 |
| : | |
| v. : | |
| : | |
| Washington Mutual Home Loans, Inc., et al. : | |
| Defendants : | |

### ORDER

AND NOW this _____ day of _____, 2008, upon consideration of Plaintiffs' Motion for Partial Reconsideration, et al., and any response(s) thereto, it is hereby **ORDERED** and **DECREED** that Plaintiffs' motion is granted:

1. The Order dated June 30, 2008 (Docket No. 35), granting, in part, Washington Mutual's Motion to Dismiss is vacated as to Plaintiffs' First Amended Complaint's Count X (§1983), and modified to strike the First Amended Complaint's Counts XII and XIII (mislabeled "XII") to strike only causes of action for breach of warranty and improvident lending so as to enable Plaintiffs' causes of action for breach of contract, negligence and negligent misrepresentation;

2. Plaintiffs are granted leave to file an Amended Complaint within twenty (20) days of this Order against all Defendants **curing** Plaintiffs' First Amended Complaint's lack of specificity per the Orders of June 30, 2008 (Nos. 35 & 36) upon Defendants, Wells Fargo and Washington Mutual's Motions to Dismiss which Orders shall be binding as to all Defendants per that Seconded Amended Complaint except as referenced herein.

**AND IT IS SO ORDERED.**

_____
J. Curtis Joyner, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Sandra Murphy : | |
| : | |
| Plaintiffs : | No.: 07-4417 |
| : | |
| v. : | |
| : | |
| Washington Mutual Home Loans, Inc., et al. : | |
| Defendants : | |

## PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF ORDERS DATED JUNE 30, 2008, OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME AND LEAVE TO FILE AN AMENDED COMPLAINT AS TO ALL DEFENDANTS

On June 30, 2008, this Honorable Court entered two (2) Orders upon Defendants' separate Motions to Dismiss.

I.   **The Wells' Fargo Order Motion For Leave to File an Amended Complaint**

The Order (Docket No. 36) upon Defendant, Wells Fargo's Motion to Dismiss grants Defendant's motion and dismisses Plaintiffs' First Amended Complaint "in its entirety" for want of specificity under Twombly, supra.

The Wells Fargo Order does not indicate whether the First Amended Complaint is dismissed with or without prejudice as to Wells Fargo.

Plaintiffs request leave to file their Amended Complaint against Wells Fargo curing the specificity defects discussed in the Wells Fargo Order vis-à-vis Wells Fargo alleging itself a mortgage assignee subsequent to the events giving rise to the Complaint.

Pursuant to the FTC Holder Rule and common law, a mortgage assignee is subject to the same liabilities as the mortgage originator/assignor.

Perspectively, a holder-in-due-course affirmative defense is not applicable as the mortgage was in default upon assignment, and otherwise at this stage as requiring factual analysis.

Respectfully requesting leave to file an Amended Complaint against Wells Fargo, <u>Twombly</u> mandates that Amended Complaint be allowed to **cure** insufficient specificity, the Wells Fargo Order does not preclude, the subject Complaint does discuss Wells Fargo's liability through assignment (*See*, First Amended Complaint ¶¶ 21-23, 26[1]).

If granted leave to file an Amended Complaint as against Wells Fargo, Plaintiffs will construe the Court's Order (to be discussed) upon Washington Mutual's Motion to Dismiss as binding upon Plaintiffs as to all Defendants (except as modified by this motion) despite Plaintiffs' exception to that Order so as to obviate Wells Fargo's prospective desire for a renewed motion for its and judicial efficiency.

WHEREFORE, Plaintiffs request this Honorable Court grant Plaintiffs leave to file an Amended Complaint as to Wells Fargo curing the specificity deficiencies discussed in the Wells Fargo Order consistent with the Court's Washington Mutual Order.

## II. <u>The Washington Mutual Order: Motion for Partial Reconsideration</u>

Pertinent to this Motion for Partial Reconsideration, the Washington Mutual Order (No. 35) (among others) counts with prejudice: X (§1983) and XII (breach of contract & warranty).

The Washington Mutual Order indicates Count XIII (mislabeled) "Count XII" stricken with prejudice but that Order references only "improvident lending" subject and not the remainder of that count (negligence and negligent misrepresentation).

Respectfully requesting reconsideration, this Honorable Court committed an error of law in striking with prejudice Plaintiffs' cause of action for civil rights violation by interpreting §1983 via <u>Grillo</u>, supra, as the facts pleaded as inapposite to a civil rights violation.

Respectfully, on the contrary, <u>Grillo</u> interpreted §1983 as maintaining a civil rights violation upon a wrongful foreclosure such as here present as that foreclosure (unlike most any other causes of action)

---

[1] In pertinent part as to Wells Fargo, paragraph 26 references Washington Mutual's want of record assignment and standing with regards to the foreclosure.

restrains through the Court and the Court's executive, the Sheriff, Plaintiffs' right to free use and enjoyment of their home.

Respectfully requesting reconsideration, Plaintiffs request this Honorable Court vacate its Washington Mutual Order otherwise striking Plaintiffs' Count X (§1983).

Separately, this Honorable Court's opinion specifically states that Plaintiffs' causes of action as to breach of warranty and improvident lending are stricken with prejudice.

However, the Order in contrast to the opinion strikes Plaintiffs' entire counts which contain undiscussed and otherwise viable causes of action for breach of contract (XII), and negligence/negligent misrepresentation (XIII).

Respectfully requesting partial reconsideration re clarification consistent with the Court's opinion, Plaintiffs request this Honorable Court vacate the Washington Mutual Order to the extent that order is inconsistent with the Court's opinion so as to enable Plaintiffs' causes of action for breach of contract, negligence and negligent misrepresentation.

WHEREFORE, Plaintiffs request this Honorable Court vacate its Washington Mutual Order to the extent it is inconsistent with the Court's opinion so as to allow implicitly viable causes of action for breach of contract, negligence and negligent misrepresentation.

### III.    Motion for Enlargement of Time to file Amended Complaint

The Washington Mutual Order dismisses certain counts of Plaintiffs' First Amended Complaint without prejudice and with leave to file an Amended Complaint curing this Honorable Court's specificity concerns within twenty (20) days.

So as to enable the adjudication of this motion, Plaintiffs request an enlargement of time regarding this Court's leave of twenty (20) days following the Order upon this motion to file an Amended Complaint encapsulating all of the Court's Orders upon Plaintiffs' pleading so as to stream-line and effect a consistent, final Complaint.

WHEREFORE, Plaintiffs request this Honorable Court grant Plaintiffs twenty (20) days from the adjudication of this motion to file an Amended Complaint consistent with that and the Court's prior orders.

**PROCHNIAK WEISBERG, P.C.**

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Sandra Murphy : | |
| : | |
| Plaintiffs : | No.: 07-4417 |
| : | |
| v. : | |
| : | |
| Washington Mutual Home Loans, Inc., et al. : | |
| Defendants : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, hereby certify that this 9th day of July, 2008, a true and correct copy of Plaintiffs' Motion for Partial Reconsideration of Orders dated June 30, 2008, or, in the Alternative, for an Enlargement of Time and Leave to File an Amended Complaint as to all Defendants, was served via ECF, upon the following parties:

Reed Smith, LLP
Henry F. Reichner, Esq.
1650 Market Street
2500 One Liberty Place
Philadelphia, PA 19103

Kaplin Stewart
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422-0765

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE