IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Sandra Murphy, | : | |
| | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | No. 07-04417 |
| v. | : | |
| | : | |
| Washington Mutual Bank and Wells Fargo, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this ____ day of _____, 2008, upon consideration of Defendant Washington Mutual Bank's Response in Opposition to Plaintiffs' Motion for Reconsideration of the Court's June 30, 2008 Order partially Washington Mutual Bank's Motion to Dismiss, it is hereby Ordered that Plaintiffs' Motion for Reconsideration is DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Sandra Murphy, : | |
| : | CIVIL ACTION |
| Plaintiffs : | |
| : | No. 07-04417 |
| v. : | |
| : | |
| Washington Mutual Bank and : | |
| Wells Fargo, : | |
| : | |
| Defendants : | |

**DEFENDANT WASHINGTON MUTUAL BANK'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant Washington Mutual Bank, by and through its undersigned counsel, hereby responds in Opposition to Plaintiffs' Motion for Reconsideration of the Court's June 30, 2008 Order partially granting Washington Mutual Bank's Motion to Dismiss. For the reasons set forth herein, Plaintiffs' Motion for Reconsideration should be denied.

A party moving for reconsideration of a district court's ruling must base its motion on one of three narrow grounds: (1) the availability of newly-discovered evidence; (2) an intervening change in governing law; or (3) a "clear" error of law made by the district court in its ruling. North River Ins. v. CIGNA, 52 F.3d 1194, 1218 (3d Cir.1995) (stating proper grounds for motion for reconsideration).

A litigant is not permitted to use a motion for reconsideration as a vehicle to make arguments that it failed to make earlier or to re-litigate earlier arguments once again. Babyage.com, Inc. v. Toys "R" Us, 2008 WL 2644207, *1 (E.D.Pa. July 2, 2008). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper to "ask the Court to rethink what [it] had already thought through-rightly or wrongly." Wilson v. Halter, No. 00-468, 2001 WL 410542, at *2 (E.D.Pa. Apr.18, 2001),

1

*aff'd* Wilson v. Massanari, 27 Fed. Appx. 136 (3d Cir.2002) (*citing* Burger King Corp. v. New England Hood and Duct Cleaning Co., , 2000 WL 133756, at *2 (E.D.Pa. Feb.4, 2000)).

"Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartegena de Indias, 959 F.Supp 270 (E.D.Pa.1997) *quoting* Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp 937, 943 (E.D.Pa.1995).

Here, Plaintiffs' request for reconsideration is not supported by newly discovered evidence, a change in the law or a clear error of law by the District Court.   Rather, the Plaintiffs' argue that the Court should re-read the Grillo case[1] and come to a different conclusion.

The District Court correctly dismissed Plaintiffs' Section 1983 claim, with prejudice, since Plaintiffs cannot, as a matter of law, establish that Washington Mutual Bank was a state actor when it filed a mortgage foreclosure action against Plaintiffs. Nanya-Nashut v. Centex Home Equity Corporation, 2003 WL 22871667 (E.D.Pa.2003) *quoting* Brentwood Acad. v. Tennessee Secondary Sch., 531 U.S. 288, 295 121 S.Ct. 924, 148 L.Ed.2d 807(2001) ("State action may be found only when there is such a 'close nexus between the State and challenged action that private behavior may be fairly treated as that of the State itself'." ).   A mortgage foreclosure action simply does not rise to the level of state action. Nanya-Nashut v. Centex Home Equity Corporation 2003 WL 22871667, *2; Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F.Supp. 1122, 1129-31 (D.Del.1988) *aff'd*  877 F.2d 57 (3d Cir.1989) (holding Bank and attorney who filed

---

[1] Grillo v. Ba Mortgage, LLC , 2004 WL 225094 (E.D.Pa.2004).

2

foreclosure action against real property did not engage in state action for purposes of Section 1983).

Washington Mutual Bank is a private entity which simply instituted a mortgage foreclosure action as a result of Plaintiffs' default of the Mortgage and Note.  By filing the foreclosure action, Washington Mutual did not engage in state action necessary to support a Section 1983 claim.   The Court, therefore, correctly dismissed Count X of the Complaint.

WHEREFORE, Defendant Washington Mutual Bank respectfully requests that the Honorable Court deny Plaintiffs' Motion for Reconsideration of the Court's June 30, 2008 Order partially granting Washington Mutual Bank' Motion to Dismiss.


KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/ Sandhya M. Feltes   #3018
Sandhya M. Feltes, Esquire
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
610-941-2561
610-684-2011 (fax)
*Attorney for Defendant, Washington Mutual Bank*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2008, I caused to be served a true and correct copy of Defendant Washington Mutual Bank's Response in Opposition to Plaintiffs' Motion for Reconsideration, upon the following via ECF Electronic Notification:

Matthew B. Weisberg
Prochniak Poet & Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070


Henry F. Reichner
Reed Smith LLP
1650 Market Street
2500 One Liberty Place
Philadelphia, PA 19103


KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/ Sandhya M. Feltes #3018
Sandhya M. Feltes, Esquire
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
610-941-2561
610-684-2011 (fax)
*Attorney for Defendant, Washington Mutual Bank*

IMAN_BB 1340334v1