```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWARD AND SANDRA MURPHY         : CIVIL ACTION
                                 :
        vs.                      :
                                 : NO. 07-CV-4417
WASHINGTON MUTUAL BANK and       :
WELLS FARGO                      :
```

## ORDER

AND NOW, this 18th day of August, 2008, upon consideration of Plaintiff's Motion for Partial Reconsideration of Orders Dated June 30, 2008 or, in the Alternative, for an Enlargement of Time and Leave to File an Amended Complaint as to all Defendants (Docket No. 38) and Defendant's response thereto, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] It is well settled that the purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Frederick v. Southeastern Pennsylvania Transportation Authority, 926 F.Supp. 63, 64 (E.D.Pa. 1996). A party filing a motion to reconsider must rely on at least one of the following grounds: (1) the availability of new evidence that was not available when the court first decided the motion; (2) an intervening change in the controlling law; or (3) the need to correct an error of law or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Hartford Fire Insurance Company v. Huls America, Inc., 921 F.Supp. 278, 279 (E.D.Pa. 1995); Prousi v. Cruisers Division of KCS International, Inc., 1997 WL 793000 (E.D.Pa. 1991) at *3. Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. Harsco, supra, citing DeLong Corp. v. Raymond International, Inc., 622 F.2d 1135, 1139-40 (3rd Cir. 1980). See Also: North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3rd Cir. 1995). In the absence of one of these three grounds, it is improper for a party moving for reconsideration "to ask the Court to re-think what it has already thought through-rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

Under Fed.R.Civ.P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER,            J.

---

at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires..." Thus, while Rule 15 has been held to embody a liberal approach to amendment and the decision to grant or deny a motion for leave to amend a complaint rests within the trial court's discretion, this discretion is not unbounded. Dole v. Arco Chemical Co., 921 F.2d 484, 486 (3rd Cir. 1990); Gundlach v. Reinstein, 924 F.Supp. 684, 690 (E.D.Pa. 1996).  Leave to amend may be denied upon a showing of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party or where the amendment would be futile. Topol v. Trustees of the University of Pennsylvania, 160 F.R.D. 474, 475 (E.D.Pa. 1995). See Also: Harding v. Duquesne Light Co., 882 F.Supp. 422, 430 (W.D.Pa. 1995).

   Applying these principles to the motion now before us, we first note that in support of their request to reconsider, it appears that the plaintiffs are doing nothing more than re-asserting the same arguments which they made previously and which this Court previously rejected.  Accordingly, we decline to grant reconsideration.

   Although their motion is less than clear, it further appears that the amendments which plaintiff seek leave to make would not operate to state valid claims upon which relief may granted.  Thus, the proposed amendments being futile, we must also deny the motion to amend.